USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/08

# MEMO ENDORSED



## Fox Rothschild LLP
### ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900 Fax 212.692.0940
www.foxrothschild.com

Daniel A. Schnapp
Direct Dial: (212) 878-7960
Email Address: dschnapp@foxrothschild.com

June 9, 2008

***VIA FAX (212) 805-7912***
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*The defendants should respond to all of the allegations. If the allegations are contradictory, the defendants can point that out. If the defendants need more time, they should ask for that.*

*So ordered.*
*6/9/08*
*JGK/Koeltl*
*U.S.D.J.*

**Re: Pure Power Boot Camp, et al. v. Warrior Fitness, et al.**
**08 Civ. 4810 (JGK)**

Your Honor:

This firm represents Defendants in the above-referenced action. We write to respectfully request clarification from the Court as to which set of Plaintiff's motion papers and affidavits Defendants are required to respond to by June 20, 2008.

As the Court may recall from the conference that took place before Your Honor on June 6, 2008, Plaintiffs initially commenced this action in State Court by filing a Memorandum of Law and an Affidavit from Lauren Brenner (the owner of Pure Power Boot Camp), among other affidavits, in support of their Motion for a Preliminary Injunction. Defendants then removed the case to this Court.

During the June 6 conference, Plaintiffs requested permission to supplement their papers and the Court granted this request. Unfortunately, however, Plaintiffs did not merely supplement their papers but instead attempted to file a second memorandum of law (raising new arguments) and a new affidavit of Lauren Brenner ("Brenner Aff. II"). Plaintiffs also filed new affidavits from Denise Parker and Elizabeth Lorenzi.[1] (Plaintiffs did not properly file the papers through the ECF system but did properly serve defendants with the new papers and have been directed by the Clerk of Court to re-file them through the ECF system).

---

[1] Defendants do not dispute the propriety of the filing of the Parker and Lorenzi affidavits even though they contain alleged facts that, despite pre-dating Plaintiffs' motion before the state court, were not raised at that time.

NY1 129258v4 06/09/08    A Pennsylvania Limited Liability Partnership

California    Delaware    Florida    Nevada    New Jersey    New York    Pennsylvania



# Fox Rothschild LLP
### ATTORNEYS AT LAW

Hon. John G. Koeltl
June 9, 2008
Page 2

Defendants will be unduly prejudiced by responding to both of Plaintiffs' memoranda of law and Brenner affidavits because the "supplemental" filings raise new issues of fact and law and, in fact, consistently contradict the original filings.[2]  For example, Brenner admits in her "supplemental" affidavit that her alleged covenant not to compete is unenforceable as drafted since it is "excessive" and that the Court should "reduce" the restrictive covenant. *See* Brenner Aff. II at ¶¶30-31. This is inconsistent with the factual allegations set forth in the first Brenner affidavit.

In addition, the respective filings seek *contradictory* relief. For example, Plaintiff's proposed order for a preliminary injunction in the state court proceeding seeks, among other things, to prevent Defendants from opening their gym, launching their website, advertising, recruiting any employees, or utilizing any client lists or other allegedly proprietary documents (which have been, by Plaintiffs' admission in ¶21 of the Brenner Aff. II, returned). (A copy of the proposed order is annexed hereto as Exhibit "A").

In contrast, Plaintiffs' "supplemental" motion asks this Court for "immediate injunctive relief prohibiting Warrior Fitness' operation, or at least the servicing of [Pure Power's] clients." *See* Brenner Aff. II at ¶44. In light of Justice Freedman's May 8, 2008 Order *allowing* Warrior to open and operate, Plaintiffs are now moving the target and asking this Court to take the extraordinary step of shutting down defendants' ongoing business operation. On the other hand, since Plaintiffs now concede that they will be satisfied if the Court only directs defendants to stop the alleged "servicing of [Pure Power's] clients," then Plaintiffs have *admittedly* suffered no irreparable harm as a result of any alleged trade dress violation and Defendants should not be forced to have to oppose Plaintiffs on this point—as it is moot.

Accordingly, Defendants respectfully request that: (1) in light of Plaintiffs' contradictory and excessive filings, Defendants be directed to respond only to Plaintiffs' "supplemental" memorandum of law, "supplemental" Brenner affidavit, and the new Parker and Lorenzi affidavits; and that (2) the issues before the Court be limited to solely the parameters of a new restrictive covenant and whether defendants are wrongly "servicing" Pure Power's clients.

---

[2] The memorandums of law, taken together, also exceed the Court's 25 page limit.

NY1 129258v4 06/09/08



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Hon. John G. Koeltl
June 9, 2008
Page 3

We thank the Court for its attention to these matters.

Respectfully submitted,

Daniel A. Schnapp

Enc.

cc:    Richard L. Herzfeld, Esq.