# BAHN, HERZFELD & MULTER
### ATTORNEYS AT LAW
### 555 FIFTH AVENUE
### NEW YORK, NY 10017

ALLAN M. BAHN
RICHARD L. HERZFELD
ANDREW MULTER

FACSIMILE: (212) 986-5316
E-MAIL: BHMLLP@AOL.COM

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/08

*The moving papers are now complete. So ordered.*
*[signature] 6/10/08*
*U.S.D.J.*

June 10, 2008

212-805-7912

Hon. John G. Koetl
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 12B
New York, New York 10007
Attn: Donnie Fletcher

JUN 10 2008

6/10/08

Re: Pure Power Boot Camp, et. al. v. Warrior Fitness Boot Camp, et. al. 08 CV 4810 (JGK)

Dear Judge Koetl:

This letter is in response to the letter of Daniel A. Schnapp dated June 9, 2008. Preliminarily, to address Mr. Schnapp's comment that the supplemental papers had been improperly filed with ECF, the sole defect had been a mischaracterization of the nature of the papers and that mischaracterization had been based upon advice from the clerk's office. The circumstances are slightly unusual in that the papers are supplemental to the pending motion for a preliminary injunction, but there is no actual motion filed with ECF. I checked with a clerk and filed them under the category I was advised to use., ECF decided a different category was required and it was rectified yesterday.

With respect to Mr. Schnapp's complaint that we have gone beyond the scope of the permission to file supplemental papers, we disagree. Although we were never asked to articulate the basis for our request, our purpose in supplementing the papers was (a) to provide the court with these additional affidavits, two of which reflect events occurring after the motion had been filed and (b) to provide the court with more specific authority for our positions.

Even if a new position had been raised, I do not believe that it would violate the scope of the order; however, no new positions have been raised. The original motion sought injunctive relief based upon the theft of the customer lists and other corporate documents, the multiple breaches of fiduciary duty by the employee defendants, the restrictive covenant and confidentiality agreement and the infringement upon plaintiffs' trade dress and copyright protections. Nothing has changed.

# BAHN, HERZFELD & MULTER, LLP

Hon. John G. Koetl
June 10, 2008
Page 2

Moreover, even if new issues were raised, defendants have not responded to the original motion and this court gave defendants ample additional time to respond in light of our request to supplement the original motion.

While we disagree that the State Court memorandum and the supplemental memorandum should be aggregated, if this Court is of the opinion that they must be combined, and that the combination exceeds this Court's 25 page limit, we request leave to file the papers as drafted. The original memorandum was drafted for state court purposes by different counsel. The current memorandum focuses upon case law specific to the issues presented and rather than requiring plaintiffs to combine, cut and paste the two, leave is requested to file the supplemental memorandum as drafted.

Finally, notwithstanding defendant's protests as to the present filings, we are compelled to request permission to file a brief second supplemental affidavit of Lauren Brenner, plaintiffs' president. We note in our papers that defendants' failure to launch its web site was most likely due to its fear of disclosing the actual similarities between its operation and plaintiffs', despite Justice Freedman's specific direction that defendants' operation must be changed to differentiate it from plaintiffs'. This would not address the customer list, faithless employee or restrictive covenant issues, but would at least go to the trade dress/copyright issues. Counsel for defendants also indicated in a letter to this Court that defendants would no longer solicit plaintiffs' clients pending the outcome of this motion (which also would not resolve the foregoing issues).

In the brief period since our supplemental papers were first filed, defendants' web site has been launched (coincidentally just after the deadline for our supplemental papers). It can be found at www.warriorfitnessbootcamp.com.

In addition, just after the supplemental papers were due to be filed, defendants appeared on the CBS Early show yesterday. A link to the video clip is at http://www.cbsnews.com/sections/i_video/main500251.shtml?id=4164735.

Although Justice Freedman directed that defendant differentiate itself from plaintiff, the website and video clip disclose the close similarities between Pure Power and Warrior Fitness, including but not limited to the equipment, the layout, the physical appearance, the programs and manner of operation, the promotional materials and the uniforms. In fact, defendants Fell and Belliard are wearing the exact uniform, with the exception of the t-shirt (same color, different logo), that they wore at Pure Power. The video clip

BAHN, HERZFELD & MULTER, LLP

also reveals that all but one of the clients shown are former clients of Pure Power.

As such, we request leave to submit a brief supplemental affidavit to allow Lauren Brenner to explain these issues in detail, provide the Court with concrete examples of the trade dress/copyright claims in light of the website and video and to show defendants' failure to adhere to Justice Freedman's direction.

Respectfully,

RICHARD L. HERZFELD

cc: Daniel Schnapp, Esq.