# BAHN, HERZFELD & MULTER
### ATTORNEYS AT LAW
### 555 FIFTH AVENUE
### NEW YORK, NY 10017

ALLAN M. BAHN
RICHARD L. HERZFELD
ANDREW MULTER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/08

FACSIMILE: (212) 986-5316
E-MAIL: BHMLLP@AOL.COM

June 11, 2008

212-805-7912

Hon. John G. Koetl
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 12B
New York, New York 10007
Attn: Donnie Fletcher

*Application for reconsideration denied. So ordered.*
*6/14/08*
*JGKoetl*
*USDJ*

Re: Pure Power Boot Camp, et. al. v. Warrior Fitness Boot Camp, et. al. 08 CV 4810 (JGK)

Dear Judge Koetl:

We strongly oppose defendants' request for an adjournment of two weeks and request reconsideration. Nothing new has taken place since the scheduling order was issued, nothing new is raised in the supplemental papers beyond two factual allegations and there is no basis for the adjournment other than an attempt by defendants to delay the process further (I would also point out that defendants have actually had since the order to show cause was served in early May to prepare a response).

In the interim, defendants operate their business with impunity, having stolen not only plaintiffs' customer list but its trade dress in general. There can be little question but that the customer list was stolen (as Justice Freedman concluded) since the list increased by nearly 300 names on the evening Belliard was alone in Brenner's office, the day before he quit. There is also little question as to the consequences which flow from the theft, as detailed in the supplemental memorandum.

Yet defendants continue to operate, stealing Pure Power clients; as reflected in their recent CBS Early Show clip, 14 of 16 clients were Pure Power clients first. It is also my understanding that despite counsel's representation that defendants' would not be soliciting Pure Power clients while this motion is pending, another mass email was forwarded to Pure Power clients alerting them to the televison spot and promoting defendants' operation.

Defendants also continue to imitate plaintiffs's trade dress, a fact which a comparison of parties' websites and analysis of the television clip readily reveals. This imitation continues despite Justice Freedman's clear direction to differentiate the operation (the except from the transcript is included herewith).

# BAHN, HERZFELD & MULTER, LLP

Hon. John G. Koetl
June 11, 2008
Page 2

    Defendants hope to capitalize on the removal to Federal Court by ignoring the State Court's direction. By way of example, several Pure Power clients remarked that they saw the CBS Early Show clip and thought they were watching a Pure Power demonstration.

    Defendants seek only to delay as long as possible while they build their business on the foundation of their misconduct. They are already capitalizing on the delay resulting from the removal. Justice Freedman set May 27th as the date for a determination as to whether injunctive relief should be granted, and now defendants have already extended that to at least July 10th and potentially beyond while the court decides the motion.

    As such, not only should the adjournment be denied, but we would request a conference as soon as possible to determine whether interim injunctive relief should be ordered.

                                                    Respectfully,

                                                    RICHARD L. HERZFELD

cc: Daniel Schnapp, Esq.

```
                                    power1.txt
    24              MR. BUTERMAN:  Everything we have we will
    25    certainly return.
    26              MR. CALCAGNO:  Your Honor, if you can just
```

                                                                46

```
    1                          Proceedings
    2    put in place the franchise is going to be diluted, the
    3    trade dress is going to be diluted, the indoor
    4    obstacle confidence course, the entire concept they
    5    have stolen.  I went to their facility and they
    6    created an exact replica.
    7              THE COURT:  I can't do this without a
    8    hearing and I can't conduct a hearing for a couple of
    9    weeks now.
    10             MS. DOUGLASS:  There will be irreparable
    11   harm that cannot be mitigated.  If the TRO could
    12   please stay in place.
    13             THE COURT:  I'm not going to keep the TRO
    14   in place.  They can open on the 14th.  But if in two
    15   weeks you come back and show me that you haven't
    16   changed everything --
    17             MS. DOUGLASS:  Can we have access to take
    18   photographs?
    19             THE COURT:  Yes.
    20             MR. BUTERMAN:  You'll obviously supervise
    21   access?
    22             THE COURT:  Yes.
    23
    24              *              *              *
    25
```

                                Page 43