

**Fox Rothschild LLP**
ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900 Fax 212.692.0940
www.foxrothschild.com

JUN 11 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/08
```

Daniel A. Schnapp
Direct Dial: (212) 878-7960
Email Address: dschnapp@foxrothschild.com

June 11, 2008

<u>VIA FAX (212) 805-7912</u>
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten note: The application to which this letter responds have already been denied. So ordered. /s/ JGKoeltl 6/11/08 U.S.D.J.]*

Re:  **Pure Power Boot Camp, et al. v. Warrior Fitness, et al.**
     **08 Civ. 4810 (JGK) (THK)**

Your Honor:

    This firm represents Defendants in the above-referenced action. We do not wish to burden the Court with letters. We feel that it is necessary, however, to respond to Plaintiffs' counsel's June 10, 2008 letter to the Court, which seeks leave to submit a *third* affidavit from Plaintiffs' owner, Lauren Brenner ("Proposed Brenner Aff. III").[1] This application should be denied because it is yet another attempt by Plaintiffs to prejudice and overwhelm this Court and Defendants with paper and with accusations of wrongdoing that plainly have no basis in fact or law. We also write to oppose Plaintiffs' request for reconsideration of the Court's June 10, 2008 Order granting Defendants an additional two weeks to oppose Plaintiffs' Motion for a Preliminary Injunction.

    As the Court may recall from Defendants' June 9, 2008 letter application to the Court, we showed that Plaintiffs did not merely supplement their State Court papers, as the Court directed during the June 6 conference, but instead filed a second memorandum of law (raising new arguments and, in total, exceeding the Court's page limits for memoranda of law) and a second affidavit of Lauren Brenner. Plaintiffs also filed new affidavits from Denise Parker and Elizabeth Lorenzi.

---

[1] We believe that the majority of Plaintiffs' counsel's letter, submitted in response to our letter to the Court dated June 9, 2008 seeking to respond only to Plaintiffs' most recent allegations submitted in connection with their supplemental motion papers, has been rendered moot by the Court's June 9, 2008 Order. Thus, to avoid burdening the Court, we respond only to that portion of counsel's letter that seeks to submit a third affidavit from Brenner.

NY1 129454v1 06/11/08                  A Pennsylvania Limited Liability Partnership

California      Delaware      Florida      Nevada      New Jersey      New York      Pennsylvania



Fox Rothschild LLP
ATTORNEYS AT LAW

Hon. John G. Koeltl
June 11, 2008
Page 2

On June 10, 2008, the Court ordered that Defendants were to respond to all of Plaintiffs' submissions, but to point out to the Court which of the various allegations in Plaintiffs' submissions were contradictory and to request additional time to submit their oppositions papers if Defendants deemed it necessary. Accordingly, Defendants made a letter application requesting an additional two weeks to respond to Plaintiffs' multiple motion papers. On June 10, 2008, the Court granted that application.

Now, in addition to Plaintiffs' many extant filings, Plaintiffs seek to file the Proposed Brenner Aff. III. Defendants will be prejudiced by having to respond to yet *another* affidavit from Brenner who, by submitting two lengthy affidavits with dozens of exhibits, has already had two bites at the apple. The Proposed Brenner Aff. III will only lead to a further drain on the Court's and Defendants' time and resources and further confusion of the issues.

Moreover, Plaintiffs' counsel's claim that the Proposed Brenner Aff. III, which would address the launch of defendants' website and a segment that appeared on the CBS Early Show television program concerning Defendants' gym, would show Defendants' "failure to adhere to Justice Freedman's direction" is simply wrong. Justice Freedman *struck* Plaintiffs' request in their TRO application to shut down Defendants' website. Accordingly, *there was never even an Order in place*, prior to the time that Justice Freedman dissolved the TRO in its entirety, preventing the launch of the website. Likewise, there is no Order in place that prevented the airing of the CBS segment. Plaintiffs' counsel's suggestion that the launch of the website or the CBS segment is somehow at odds with Justice Freedman's Order must be rejected.[2] (A copy of Defendants' Proposed Order in the State Court is annexed hereto as Exhibit "A.")

Accordingly, in light of the fact that Plaintiffs have already filed two memoranda of law, two Brenner affidavits, and numerous other "supplemental" affidavits with new factual allegations, we respectfully request that Defendants' application to file the Proposed Brenner Aff. III be denied. If, however, the Court permits Plaintiffs to file the Proposed Brenner Aff. III, we respectfully request that Defendants be given 30 days from the date of the filing of the Proposed Brenner Aff. III to oppose Plaintiffs' Motion for a Preliminary Injunction, and that the remainder of the Scheduling Order be adjusting accordingly.

---

[2] If anything, the website and the CBS segment establish that Defendants' gym is based directly upon the boot camp regimen that is used in the United States Marine Corps, rather than any misappropriation of Plaintiffs' alleged trade dress. For example, as shown in the website and the CBS segment, Defendants' uniforms are the same uniforms that are worn in the Marines (i.e. boots and camoflauge pants) and the exercises are derived entirely from the Marine Corps. Even if Plaintiffs' are entitled to trade dress protection (which, as our opposition papers will show, they are not), the website and the CBS segment show no infringement.

NY1 129454v1 06/11/08



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Hon. John G. Koeltl
June 11, 2008
Page 3

  Lastly, Plaintiffs' application for reconsideration of the Court's June 10, 2008 Order and for another conference should be denied for the reasons set forth above and because Plaintiffs have failed to abide by Local Rule 6.3 of this Court in seeking reconsideration.

  We thank the Court for its attention to these matters.

Respectfully submitted,

Daniel A. Schnapp

Enc.

cc:  Richard L. Herzfeld, Esq.

NY1 129454v1 06/11/08