UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PURE POWER BOOT CAMP, INC.
PURE POWER BOOT-CAMP FRANCHISING
CORPORATION, and PURE POWER BOOT
CAMP JERICHO INC.,

                Plaintiffs,

      - against –

WARRIOR FITNESS BOOT CAMP, LLC;
ALEXANDER KENNETH FELL a/k/a ALEX FELL,
Individually; RUBEN DARIO BELLIARD
a/k/a RUBEN BELLIARD, Individually;
JENNIFER J. LEE, Individually;
and NANCY BAYNARD, Individually,

              Defendants.

**ECF Case**
**Case No.  08-cv-4810 (JGK) (THK)**

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
AN ORDER PRECLUDING THE USE OR DISCLOSURE OF SPECIFIC E-MAILS
ILLEGALLY OBTAINED BY PLAINTIFFS, DIRECTING THE IMMEDIATE RETURN
OF THE E-MAILS, AND GRANTING DEFENDANTS THEIR ATTORNEY'S FEES,
COSTS, AND DISBURSEMENTS RESULTING FROM
PLAINTIFFS' ILLEGAL ACTIONS**

Daniel A. Schnapp, Esq. (DS 3484)
**FOX ROTHSCHILD LLP**
100 Park Avenue, 15th Floor
New York, NY  10017
Tel: (212) 878-7900
Fax: (212) 692-0940

NY1 169671v4 07/01/08

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.......................................................................i, ii

PRELIMINARY STATEMENT...........................................................................1

STATEMENT OF FACTS..................................................................................2

      A.     Procedural History....................................................................2

      B.     Background of Plaintiff's Wrongful Acts.......................................2

      C.     The Stolen E-Mails.....................................................................4

ARGUMENT......................................................................................13

      POINT I...........................................................................13

      PLAINTIFFS MUST BE PRECLUDED FROM THE USE OR DISCLOSURE
      OF THE STOLEN E-MAILS.......................................................13

            A.     All of The E-mails Were Procured Illegally and Cannot be
                Used .........................................................................13

                    1.     Plaintiffs Accessed All of The E-Mails in Violation of 18
                          U.S.C. § 2510.............................................................13

                    2.     Plaintiffs Accessed All of The E-Mails in Violation of 18
                          U.S.C. § 2701...........................................................14

                    3.     Plaintiffs Accessed All of The E-Mails in Violation of New
                          York State Law..........................................................15

                      4.     "E-Mails #12-14" and "E-Mail #28" Are Also Protected by
                          Attorney-Client Privilege and Cannot be Used or
                          Disclosed.................................................................16

                    5.     All of the E-Mails Must be Also Precluded Due to their
                          Spoliation................................................................18

CONCLUSION.....................................................................................19

## TABLE OF AUTHORITIES

### CASES

*Astra Aktiebolag v. Andrx Pharmaceutivals, Inc.,* 208 F.R.D. 92 (S.D.N.Y 2002) .........16

*Asuncion v. Metropolitan Life Ins. Co.,* 493 F.Supp.2d 716, 720 (S.D.N.Y 2007) ..........16

*Barsoum v. NYC Housing Authority*, 202 F.R.D. 396, 401 (S.D.N.Y. 2001)....................19

*Gen. Bd. of Globral Ministries v. Cablevision Lighpath, Inc.*, No. CV 06-3669,
    2006 WL 33479332 (E.D.N.Y. Nov. 30, 2006)............................................................14

*Grady v. Superior Court*, 139 Cal.App.4th 1423 (Cal. App. 2006) ...................................15

*Hudson v. Goldman Sachs & Co. Inc.*, 283 A.D.2d 246, 247 (N.Y. App. Div.
    2001) ...............................................................................................................................13

*In re DoubleClick Inc. Privacy Litigation*, 154 F.Supp.2d 497, 507 (S.D.N.Y.
    2001) ...............................................................................................................................13

*In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1036 (2d Cir. 1984)..............17

*Kennedy v. Cedar Court Associates, L.P.*, 2002 WL 1012987 *2 (Sup. Ct.,
    Monroe Co. April 3, 2002) . ..........................................................................................15

*Rozell v. Ross-Holst*, 2008 WL 2229842 (S.D.N.Y. May 29, 2008) .................................13

*Sherman & Co. v. Salton Maxim Housewares, Inc.*, 94 F.Supp.2d 817, 820
    (E.D.Mich. 2000) ...........................................................................................................13

*United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) ............16

*United States v. Doe (In re Grand Jury Proceedings)*, 219 F.3d 175, 182
    (2d Cir. 2000)..................................................................................................................17

*West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)........................18

i

## STATUTES

18 U.S.C. § 2510…………………..…………………………….…………………...…13

18 U.S.C. § 2515…...................................…………...…..…...…...................……14

18 U.S.C. § 2520(a)….................................…………...…..…...…....................…13

18 U.S.C. § 2520(b)…....…….................................…………...…..…...…........…13

18 U.S.C. § 2701…...................................…………...…..…...…....................…14

18 U.S.C. § 2701(a) ….................................…………...…..…...…...................…14

CPLR § 4506 …………..………………………...….......................………...…..…15, 16

N.Y. Penal Law § 250.00(6)….................................…………...…..…...…….…15

N.Y. Penal Law § 250.05…...................................…………...…..…...…....…15, 16

Defendants Warrior Fitness Boot-Camp, LLC ("WFBC"), Alexander Kenneth Fell ("Fell"), Ruben Dario Belliard ("Belliard"), Jennifer J. Lee ("Lee") and Nancy Baynard ("Baynard") (collectively "Defendants"), by and through their undersigned counsel Fox Rothschild LLP, respectfully submit this Memorandum of Law in support of its Motion for an Order Precluding the Use or Disclosure of Specific E-mails Illegally Obtained by Plaintiffs, Pure Power Boot-Camp, Inc., Pure Power Boot-Camp Franchising Corp., (collectively "PPBC") and Pure Power Boot-Camp Jericho Inc. (collectively "Plaintiffs"), directing the immediate return of the e-mails, and granting Defendants their attorney's fees, costs, and disbursements resulting from Plaintiffs' illegal actions.

## PRELIMINARY STATEMENT

At issue is Plaintiffs' shocking invasion of Defendants' privacy rights.

Plaintiffs illegally hacked into three of Defendants' private e-mail accounts. The hacked e-mails were drafted on Defendants' *own home* computers while Defendants were not at Plaintiffs' facility, or *after* Defendants no longer worked for Plaintiffs. Plaintiffs, who operate and are familiar with a sophisticated business, also obtained confidential corporate information that was included in e-mails sent to Defendant Warrior's corporate e-mail account. Several of the e-mails are also protected by attorney-client privilege or attorney-work product privilege.

Plaintiffs cannot be heard to claim that these e-mails were in the possession of Plaintiffs since all of the e-mails were stolen more than a month after Defendants no longer worked for Plaintiffs.

Plaintiffs are attempting to use the poisonous fruits of their illegal activity as "evidence" on their Motion for a Preliminary Injunction and in their lawsuit. The hacking and use of these e-mails, however, violates New York State and Federal Law and the sacrosanct attorney-client privilege thereby precluding their use or disclosure. The e-mails also show sanctionable evidence of spoliation.

1

As a result, the use or disclosure of these e-mails must be precluded by this Court, and Plaintiffs must be directed to immediately return the e-mails, and to reimburse Defendants for the legal fees they have expended on this motion.

## STATEMENT OF FACTS

### A.    Procedural History

Plaintiffs commenced this action in the Supreme Court, State of New York, County of New York (the "New York Court") by filing a summons and complaint on May 5, 2008, alleging, among other things, infringement of Plaintiffs' proprietary rights in their gym and breach of a covenant not to compete. At the same time, Plaintiffs requested a wide-ranging 11-point temporary restraining order ("TRO"). After oral argument on the motion on May 8, 2008, the New York Court dissolved the TRO in its entirety.

The New York Court scheduled a "Preliminary Conference" for May 27, 2008. Having dissolved the TRO, the New York Court did not restrain Defendants from opening their business during this time. Prior to the scheduled conference, Defendants removed this action to this Court.

Upon the removal to this Court, Defendants requested that the Court preclude the use of the e-mails at issue here. The subject e-mails are annexed to the Schnapp Declaration collectively as Exhibit "A."

### B.    Background of Plaintiffs' Wrongful Acts

Defendants Belliard and Fell both worked as group fitness/personal trainers for Plaintiffs (or "Pure Power"). Fell worked for Plaintiffs from 2005 until March 16, 2008. Belliard worked for Plaintiffs from 2004 until March 31, 2008.

After Belliard and Fell were no longer employed at Plaintiffs' gym, and only days prior to the filing of this lawsuit on May 5, 2008, Plaintiffs' Principal, Lauren Brenner, and/or one of her agents, hacked into Defendants' personal e-mail accounts, and without their consent, illegally

2

accessed, read, downloaded, printed, and showed to her clients a number of e-mails sent and received by the Defendants from July 2007 through May 2008. *See* Affidavit of Nichole Davis, sworn to on July 1, 2008 ("Davis Aff."); Affidavit of Amy Marks, sworn to on July 1, 2008 ("Marks Aff."); Affidavit of Elizabeth Friesell, sworn to on July 1, 2008 ("Friesell Aff.").

None of the e-mails were drafted on Plaintiffs' computers. *See* Affidavit of Alex Fell, sworn to on June 30, 2008 ("Fell Aff."). Many of the e-mails were written subsequent to the termination of Defendants' relationships with Plaintiffs. Fell Aff., ¶ 8. All of Defendants' e-mails were accessed and printed by Brenner after Fell and Belliard were no longer employed by Plaintiffs and four days prior to the hearing before Justice Freedman on the TRO. Fell Aff., ¶ 5. Defendants had an absolute expectation of privacy in these e-mails. Schnapp Decl., ¶ 12.

Plaintiffs falsely claim that these e-mails were recovered, and access to Defendants' e-mail accounts was granted, because Defendants provided the passwords for their e-mail accounts.[1] Schnapp Decl., ¶ 9. This claim is patently false, as Defendants have never consented to having their personal e-mail accounts accessed and/or read by Plaintiffs. Fell Aff., ¶ 4. Also, this claim is false, because Defendants would have had to have implausibly given Plaintiffs access to three e-mail accounts, including one for Defendant Warrior Fitness.

Moreover, even if Plaintiff Brenner somehow did legally procure their passwords, she and/or her agent still had to physically log-on to their accounts, and then read and print the relevant e-mails. At a minimum, this was done illegally and without Defendants' consent.

Finally, in a clear example of spoliation of evidence, Plaintiffs printed out the e-mails for use in this case, but intentionally removed the date they were illegally accessed and printed. These sanctionable actions also mandate preclusion.

---

[1] At the conference held before the Court on June 4, 2008, counsel for the Plaintiffs stated on the record that the "e-mail was recovered, because the defendants actually gave my clients their password." *See* Declaration of Daniel A. Schnapp, dated July 1, 2008 ("Schnapp Decl.")

3

**C.    The Stolen E-Mails**

The stolen e-mails share common characteristics. All of the e-mails were acquired by the Plaintiffs in violation of New York State and Federal law. The e-mails were all sent, and received through Defendants' personal e-mail accounts, and on Defendants' home computers. Moreover, Plaintiffs hacked into all of Defendants' e-mail accounts after Defendants Fell and Belliard were no longer Plaintiffs' employees.

Additionally, these e-mails are only the e-mails that were actually produced by Plaintiffs in order to support their case. It is unclear how many other e-mails Plaintiffs actually downloaded and read when they illegally hacked into Defendants' e-mail accounts, but opted not to use or produce.

"E-mails #1-11" are e-mails that were written, or received on Defendant Fell's personal e-mail account, via his personal computer, and on his own, personal time. These e-mails were accessed by Plaintiffs in violation of New York State and Federal law.

Similar to "e-mails #1-11," "e-mails #12-14" and "e-mail #28" were written, or received on Defendant Fell's personal e-mail account, via his personal computer, and on his own, personal time. Additionally, these e-mails are cloaked with the attorney-client privilege, or work product privilege. These e-mails were sent on behalf of Eric J. Michaels, Esq. and/or Carolyn D. Richmond, Esq. of Fox Rothschild LLP, for the purpose of rendering legal advice related to Defendants' newly formed company. Plaintiffs also acquired these e-mails in violation of New York State and Federal Law and they were accessed by Plaintiffs after Defendants were no longer Plaintiffs' employees.

Like "e-mails 1-14," "e-mails #15-34" were written, or received on Defendant Fell's, Belliard's, or Lee's personal e-mail accounts, via their personal computers, and on their own, personal time. In addition, "e-mails #15-34" were written after Defendants Fell and Belliard

4

were no longer working for Plaintiffs. Furthermore, Plaintiffs only accessed these e-mails after Defendant Fell was no longer Plaintiffs' employee.

Below, for the Court's convenience, is a chart of the illegally accessed e-mails:

| E-Mail # | To | From | Date | Method of Invasion of Privacy and Grounds for Preclusion |
|---|---|---|---|---|
| 1 | Alex Fell | Jennifer J. Lee | July 24, 2007 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |
| 2 | Alex Fell | Jon Milstein | March 13, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |
| 3 | Alex Fell | Jennifer J. Lee | December 5, 2007 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |
| 4 | Alex Fell | Ryan Magner | February 11, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |

5

| 5 | Greg Bonura | Alex Fell | February 11, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |
|---|---|---|---|---|
| 6 | Jennifer J. Lee | Alex Fell | February 20, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |
| 7 | Ruben Belliard | Alex Fell | February 27, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |
| 8 | Sales@hammerheadinc.com | Alex Fell | February 27, 2007 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |
| 9 | Aaron Duran | Alex Fell | February 28, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |

6

| 10 | Matt Schad | Alex Fell | February 28, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |
|----|-----------|-----------|-------------------|----------------|
| 11 | Matt Levine (contains Defendants' lease) | Alex Fell | February 28, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |
| 12 | Alex Fell | Geraldine Sutera (Fox Rothschild LLP) on behalf of Eric J. Michaels, Esq. | March 5, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• **E-mails are subject to Attorney-Client Privilege** |
| 13 | Alex Fell | Geraldine Sutera (Fox Rothschild LLP) on behalf of Eric J. Michaels, Esq. | March 5, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• **E-mails are subject Attorney-Client Privilege** |
| 14 | Alex Fell | Geraldine Sutera/ cc Eric Michaels (Fox Rothschild | March 20, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no |

7

| | | LLP) | | • E-mail was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• **E-mails are subject to Attorney-Client Privilege** |
|---|---|---|---|---|
| 15 | Alex Fell | Jennifer J. Lee | March 20, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
| 16 | Jon Milstein | Alex Fell | March 13-15, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
| 17 | Jennifer J. Lee | Alex Fell | March 17, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
| 18 | Alex Fell | Christine Maddock | March 24, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law |

8

NYI 169671v4 07/01/08

| | | | | |
|---|---|---|---|---|
| | | | | • Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
| 19 | Alex Fell | Jennifer J. Lee | March 25, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
| 20 | Alex Fell | Matt Levine (contains lease) | March 31, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
| 21 | Jennifer J. Lee/Alex Fell | Nancy Baynard | March 31, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
| 22 | Ruben Belliard | Alex Fell | April 5, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |

9

| 23 | Alex Fell | sales@traversewall.com | April 5, 2008 | <ul><li>E-mail was written, or received, on Fell's personal computer</li><li>E-mail was written, or received, on Fell's personal time</li><li>E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs</li><li>E-mail was accessed in violation of New York State and Federal Law</li><li>Defendant Fell was no longer employed by Plaintiffs when e-mail was written</li></ul> |
|---|---|---|---|---|
| 24 | Ruben Belliard | Alex Fell | April 7, 2008 | <ul><li>E-mail was written, or received, on Fell's personal computer</li><li>E-mail was written, or received, on Fell's personal time</li><li>E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs</li><li>E-mail was accessed in violation of New York State and Federal Law</li><li>Defendant Fell was no longer employed by Plaintiffs when e-mail was written</li></ul> |
| 25 | Jennifer J. Lee, Nancy Baynard, Alex Fell, Ruben Belliard | Mirriam Burrows | April 7, 2008 | <ul><li>E-mail was written, or received, on Fell's personal computer</li><li>E-mail was written, or received, on Fell's personal time</li><li>E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs</li><li>E-mail was accessed in violation of New York State and Federal Law</li><li>Defendant Fell was no longer employed by Plaintiffs when e-mail was written</li></ul> |
| 26 | Jennifer J. Lee | Alex Fell | April 1, 2008 | <ul><li>E-mail was written, or received, on Fell's personal computer</li><li>E-mail was written, or received, on Fell's personal time</li><li>E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs</li><li>E-mail was accessed in violation of New York State and Federal Law</li><li>Defendant Fell was no longer employed by Plaintiffs when e-mail was written</li></ul> |

10

| 27 | Alex Fell | Jennifer J. Lee | April 18, 2008 | <ul><li>E-mail was written, or received, on Fell's personal computer</li><li>E-mail was written, or received, on Fell's personal time</li><li>E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs</li><li>E-mail was accessed in violation of New York State and Federal Law</li><li>Defendant Fell was no longer employed by Plaintiffs when e-mail was written</li></ul> |
|---|---|---|---|---|
| 28 | Alex Fell | Carolyn D. Richmond, Esq. of Fox Rothschild LLP | April 16, 2008 | <ul><li>E-mail was written, or received, on Fell's personal computer</li><li>E-mail was written, or received, on Fell's personal time</li><li>E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs</li><li>E-mail was accessed in violation of New York State and Federal Law</li><li>Defendant Fell was no longer employed by Plaintiffs when e-mail was written</li><li>**E-mails are subject to Attorney-Client Privilege**</li></ul> |
| 29 | Alex Fell | Jennifer J. Lee | April 16, 2008 | <ul><li>E-mail was written, or received, on Fell's personal computer</li><li>E-mail was written, or received, on Fell's personal time</li><li>E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs</li><li>E-mail was accessed in violation of New York State and Federal Law</li><li>Defendant Fell was no longer employed by Plaintiffs when e-mail was written</li></ul> |
| 30 | Mailing List | Jennifer J. Lee | April 24, 2008 | <ul><li>E-mail was written, or received, on Fell's personal computer</li><li>E-mail was written, or received, on Fell's personal time</li><li>E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs</li><li>E-mail was accessed in violation of New York State and Federal Law</li><li>Defendant Fell was no longer employed by Plaintiffs when e-mail was written</li></ul> |

11

| 31 | Mailing List | Nancy Baynard | April 28, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
|----|--------------|---------------|----------------|--------------------------------|
| 32 | Alex Fell (Sent to Warrior Fitness e-mail account) | Nicole Landry | May 1, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
| 33 | Alex Fell | Jennifer J. Lee | April 16, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |
| 34 | Alex Fell | Jennifer J. Lee | May 2, 2008 | • E-mail was written, or received, on Fell's personal computer<br>• E-mail was written, or received, on Fell's personal time<br>• E-mail was taken from Defendant Fell's personal e-mail account, after he was no longer employed by Plaintiffs<br>• E-mail was accessed in violation of New York State and Federal Law<br>• Defendant Fell was no longer employed by Plaintiffs when e-mail was written |

12

## ARGUMENT

## POINT I

## PLAINTIFFS MUST BE PRECLUDED FROM THE USE OR DISCLOSURE OF THE STOLEN E-MAILS

**A.    All of The E-mails Were Procured Illegally and Cannot be Used**

    **1.    Plaintiffs Accessed All of The E-Mails in Violation of 18 U.S.C. § 2510**

The Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 *et seq*. aims to

prevent hackers (*i.e.* electronic trespassers) like Plaintiffs from obtaining, altering or destroying

certain electronic communications. *In re DoubleClick Inc. Privacy Litigation*, 154 F.Supp.2d

497, 507 (S.D.N.Y. 2001) citing *Sherman & Co. v. Salton Maxim Housewares, Inc.,* 94

F.Supp.2d 817, 820 (E.D.Mich. 2000) ("the ECPA was primarily designed to provide a cause of

action against computer hackers").

The statute creates both criminal sanctions and a civil right of action against persons who

gain unauthorized access to communications facilities and thereby access electronic

communications stored incident to their transmission. *Id*; *See, e.g. Hudson v. Goldman Sachs &*

*Co. Inc.*, 283 A.D.2d 246, 247 (N.Y. App. Div. 2001) (holding that plaintiff stated claim for

violation of the ECPA in private action against employer); *Rozell v. Ross-Holst*, 2008 WL

2229842 (S.D.N.Y. May 29, 2008).   The ECPA also provides for the payment of attorney's fees

upon a violation of the statute.[2]  *Id.*

Evidence procured through the illegal interception of communications is precluded from

use at trial or a hearing by the ECPA.  The statute states:

> Whenever any wire or oral communication has been intercepted, no part of the
> contents of such communication and no evidence derived therefrom may be
> received in evidence in any trial, hearing, or other proceeding in or before any

---

[2] The ECPA provides, in part, that a person whose rights under the statute have been violated, "may in a civil action recover from the person or entity ... which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a). It goes on to state that "[i]n an action under this section, appropriate relief includes ... a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. § 2520(b).

13

court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter. 18 U.S.C. § 2515.

Here, the subject e-mails cannot be used in this case, because they were obtained in violation of the ECPA. The e-mails were intentionally accessed, intercepted, and gathered illegally by Plaintiffs after Defendants left Plaintiffs' company, and while they were on Defendants' personal or corporate e-mail accounts. Fell Aff., ¶ 5.

To acquire the contents of these e-mails, Brenner hacked into Defendants' personal e-mail accounts, and intercepted confidential, and privileged information. Fell Aff., ¶ 3. Brenner proceeded to click on, read, download, print out, and read to her clients those e-mails she thought were relevant to Plaintiffs' claims. Davis Aff., ¶ 7; Marks Aff., ¶ 6. Defendants did not consent to Brenner accessing these e-mails in any manner, nor did Brenner have any right to access these e-mails, particularly since Defendants were no longer employed by Brenner. Fell Aff., ¶ 4. Therefore, pursuant to the ECPA's prohibition of use of evidence of intercepted communications at any trial, proceeding or hearing, these illegally intercepted e-mails must be precluded from discovery or use in this case.

**2.      Plaintiffs Accessed All of The E-Mails in Violation of 18 U.S.C. § 2701**

Plaintiffs' hacking of Defendants' personal e-mail accounts constitutes a violation of the Stored Communications Act ("SCA"), set forth in 18 U.S.C. § 2701, *et seq.* The SCA prohibits: (1) the intentional accessing, without authorization, of a facility through which an electronic communication services is provided; or, (2) the intentional exceeding of an authorization to access that facility; and thereby obtaining, altering, or preventing authorized access to a wire, or electronic communication while it is in electronic storage in such system. 18 U.S.C. § 2701(a). The SCA was designed to create a cause of action against computer hackers. *Gen. Bd. of*

14

*Globral Ministries v. Cablevision Lighpath, Inc.*, No. CV 06-3669, 2006 WL 33479332 (E.D.N.Y. Nov. 30, 2006).

Moreover, the SCA prevents discovery of materials obtained in violation of the Act. *See Grady v. Superior Court*, 139 Cal.App.4th 1423 (Cal. App. 2006) (holding that the SCA must be applied to render unenforceable subpoenas in a civil suit seeking to compel disclosure of the contents of e-mails containing confidential information).

Plaintiffs accessed the stored e-mails from Defendants' Hotmail, Gmail, and corporate e-mail accounts. In order to access the e-mails that Plaintiffs intentionally hacked into these e-mail accounts, without Defendants' authorization, knowledge, or consent. Fell Aff., ¶ 3. As a result, all of the e-mails must be precluded from use, because they were illegally accessed in violation of the SCA.

**3.     Plaintiffs Accessed All of The E-Mails in Violation of New York State Law**

Under New York State law, the contents of recorded communications, or evidence derived therefrom, which has been obtained by conduct constituting the crime of eavesdropping cannot be received in evidence in any trial, hearing or proceeding before any court. CPLR § 4506. A person is guilty of eavesdropping when he unlawfully engages in wiretapping, mechanical overhearing of a conversation, or intercepting or accessing of an electronic communication. N.Y. Penal Law § 250.05. Included in the definition of electronic communication are communications transmitted via fax machines, computers (*e.g.* e-mail), and display pagers. The intercepting or accessing of an electronic communication is generally the intentional interception of an electronic communication without the consent of a party to the communication, by means of any instrument, device or equipment. N.Y. Penal Law § 250.00(6).

Any evidence obtained in violation of this statute must be stricken from the record. *See Kennedy v. Cedar Court Associates, L.P.,* 2002 WL 1012987 *2 (Sup. Ct., Monroe Co. April 3,

15

2002) (holding that tapes of telephone conversations taken in violation of the eavesdropping statute were inadmissible for purposes of filing an amended complaint).

The e-mails at issue in this case were accessed in violation of these statutes and must be precluded from use or disclosure. Again, to obtain Defendants' personal and corporate e-mails, Lauren Brenner, and/or her agents intentionally hacked into Defendants' personal e-mails, without their consent, or knowledge, and afterwards, proceeded to print out these personal e-mails for Plaintiffs' use in this case.

Plaintiffs' actions clearly constitute eavesdropping, by intercepting, and accessing electronic communications in the form of Defendants' personal e-mails, and without Defendants' consent, or knowledge. *See* N.Y. Penal Law § 250.05. As a result, pursuant to CPLR § 4506, the contents of these e-mails may not be received in evidence in this case and must be precluded from use or disclosure .

4.    **"E-Mails #12-14" and "E-Mail #28" Are Also Protected by Attorney-Client Privilege and Cannot be Used or Disclosed**

The attorney-client privilege protects communications between client and counsel where such communications are made for the purpose of seeking or providing legal advice and are intended to be, and are in fact, kept confidential. *Asuncion v. Metropolitan Life Ins. Co.* 493 F.Supp.2d 716, 720 (S.D.N.Y. 2007) citing *United States v. Constr. Prods. Research, Inc.,* 73 F.3d 464, 473 (2d Cir. 1996).

In order to be privileged, a communication either must be from a client to an attorney or, in the case of communications from an attorney to a client, must include confidential information conveyed to the lawyer from the client. *Astra Aktiebolag v. Andrx Pharmaceuticals, Inc.* 208 F.R.D. 92 (S.D.N.Y. 2002). The Second Circuit has provided the following definition of the attorney-client privilege: (1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in

16

confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) unless the protection is waived. *In re Grand Jury Subpoena Duces Tecum,* 731 F.2d 1032, 1036 (2d Cir. 1984). The burden of establishing each of the elements of the privilege rests on the party asserting it. *See United States v. Doe (In re Grand Jury Proceedings),* 219 F.3d 175, 182 (2d Cir. 2000).

Applying this standard, e-mails sent on behalf of Eric Michaels, Esq. of Fox Rothschild LLP, are protected by the attorney-client privilege doctrine and must not be disclosed for use in this case. Similarly, "e-mail #28" sent by Carolyn D. Richmond, Esq. of Fox Rothschild LLP is also protected by the attorney-client privilege.

"E-mail #13" is protected by the attorney-client privilege. "E-mail #13," dated March 5, 2008, was sent from Geraldine Sutera on behalf of Eric Michaels, Esq. of Fox Rothschild LLP to Alex Fell. Michaels Decl., at ¶ 4. The e-mail was a confidential communication consisting of correspondence from the Internal Revenue Service regarding the client's company. Michaels Decl., at ¶ 4. This e-mail was sent regarding work prepared by Eric Michaels, Esq., an attorney at Fox Rothschild LLP, in setting up Defendants' new corporation. Michaels Decl., at ¶ 4. The communications were made in confidence, and this protection has not been waived in any manner by Defendants. Therefore, this e-mail is also privileged, and plaintiffs are precluded from using it for their case.

"E-mail #14" is a protected attorney-client communication. "E-mail #14" is dated March 20, 2008 and was sent from Geraldine Sutera on behalf of Eric Michaels, Esq. (who was "cc'd" on the e-mail) of Fox Rothschild LLP to Defendant Alex Fell. Michaels Decl., at ¶ 5. The e-mail provides the client's company's Articles of Organization that were prepared by Eric Michaels for the client. Michaels Decl., at ¶ 5. This document consists of legal advice and confidential client information, and is protected by the attorney-client privilege doctrine.

17

Defendants have not waived this privilege in any manner. Therefore, the e-mail is precluded from use or disclosure in this case.

"E-mail #28" is a protected attorney-client communication. "E-mail #28" is dated April 16, 2008 and was sent from Carolyn D. Richmond, Esq. of Fox Rothschild LLP to Defendant Alex Fell. The e-mail consists of confidential legal advice provided by Ms. Richmond for Defendant Fell as to how he and Defendant Belliard should handle their interactions with Lauren Brenner, as well as providing legal advice regarding their employment agreements with Plaintiffs.

Moreover, the protection was not waived in any manner, because the e-mail was not disclosed to a third party outside of Defendants' business at any time, notwithstanding Brenner's illegally accessing the communication. As a result, the communication is afforded the attorney-client protection and must be precluded from use or disclosure.

Finally, because these e-mails are privileged documents, Plaintiffs would not otherwise have had access to them through discovery. The privileged nature of these e-mails means that Defendants would not have had to turn them over to Plaintiffs, and as a result, the only way that Plaintiffs were able to access the e-mails, and their contents was through illegal, and nefarious means that violated Defendants' legal rights, and their absolute expectation of privacy.

## 5.    All of the E-Mails Must be Also Precluded Due to their Spoliation

Spoliation is the destruction, significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending, or reasonably foreseeable litigation. *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999).

The Court has broad discretion to craft a proper sanction for spoliation. *Id.* The sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by

18

the opposing party. *Id.* The preclusion of evidence is an appropriate sanction for the spoliation of evidence. *See, e.g. Barsoum v. NYC Housing Authority*, 202 F.R.D. 396, 401 (S.D.N.Y. 2001) (holding that preclusion of evidence would serve the purposes of punishment and deterrence, while also remedying prejudice to innocent party).

The preclusion of the subject e-mails is an appropriate sanction here.    Plaintiffs deliberately altered the e-mails, by "covering up" or "blurring out" the dates that they printed them out.  This severely prejudices Defendants' ability to litigate the many claims in this case that Plaintiffs base upon the e-mails.   Precluding this evidence would deter Plaintiffs from engaging in spoliation, would place the risk of an erroneous judgment on Plaintiffs, who wrongfully created that risk through the spoliation, and would effectively restore Defendants to the same position they would have been in absent the wrongful alteration of the e-mails.

## CONCLUSION

Based on the foregoing, Defendants respectfully urge this Court to grant their Motion in its entirety.

Dated: July 1, 2008
       New York, NY

Daniel A. Schnapp (DS-3484)
Fox Rothschild LLP
*Attorneys for Defendants*
100 Park Avenue
Suite 1500
New York, NY 10017
Direct (212) 878-7960
Fax (212) 692-0940

19