UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| PURE POWER BOOT CAMP, INC., PURE POWER BOOT CAMP FRANCHISING CORPORATION, and PURE POWER BOOT CAMP JERICHO INC., | DECLARATION OF RICHARD L. HERZFELD IN OPPOSITION TO MOTION TO PRECLUDE EMAILS |
| Plaintiffs | Index No.: 08 CV 4810 (JGK)(THK) |
| -against- | |
| WARRIOR FITNESS BOOT CAMP, LLC, ALEXANDER KENNETH FELL a/k/a ALEX FELL, Individually; RUBEN DARIO BELLIARD a/k/a RUBEN BELLIARD, Individually; JENNIFER J. LEE Individually; and NANCY BAYNARD, Individually, | |
| Defendants. | |

-----------------------------------------------------------------x

RICHARD L. HERZFELD, ESQ., declares pursuant to 28 USC §1746 as follows:

1.    I am a member of Bahn, Herzfeld & Multer, LLP., attorneys for plaintiffs and make this declaration in opposition to the application of defendants to preclude the use of emails secured by plaintiffs.

2.    The facts specific to the underlying causes of action are detailed in the affidavits of Lauren Brenner, Denise Parker and Elizabeth Lorenzi, both in connection with this motion and in support of the motion for injunctive relief. Their prior affidavits should be considered with respect to any issue regarding a weighing of the equities.

3.    This declaration is to address certain factual issues raised by counsel for defendants in his declaration.

4. The first issue is to address defendants' many statements concerning the manner in which plaintiffs have accessed the e-mails. . Defendants have repeatedly tried to characterize plaintiffs' position as limited to the contention that the e-mails were accessed as a result of Fell's voluntary verbal disclosure of his e-mail password. Defendants' go on the argue that as this is not credible, they conclude that assert that the only access must have been by "hacking".

5. However, plaintiffs have always contended that the e-mails in issue were secured in two ways. The e-mails from Fell's Hotmail account were secured because Fell left his username and password on Pure Power's computer, in violation of Pure Power's employee policy (Exhibit B to Brenner's affidavit), prohibiting personal use of Pure Power's computers by employees. There was never any representation that the Hotmail e-mails had been secured because Fell had given a Pure Power employee the password for that account, contrary to defendants' claims. See Schnapp dec., par. 9-10.

6. In the State Court transcript (Exhibit B to the Schnapp declaration in opposition to the motion for a preliminary injunction), counsel specifically states that there had been a computer on the workstation at the front desk.  One of Pure Power's employees, Liz (Elizabeth Lorenzi), opened Hotmail and found that Fell's e-mail account was there. Counsel for plaintiffs noted that Fell conceded that he accessed the account on plaintiff's computer, pointing to page 2 of defendant's letter in opposition to the original state court motion(Exhibit A to Brenner's affidavit in opposition to the instant application)  in which counsel for defendants acknowledged that Fell did not dispute that he may have accessed his account from Pure Power's computer (Transcript, pp.18-19). Counsel also explained that Fell had given Lorenzi his email password to check on property he was selling (Transcript, p. 20).

7. Later, counsel for defendants confirmed that Fell had accessed his email account

while at Pure Power (Transcript, pp. 26-27).

8. Ignoring the foregoing, defendants contend that it is plaintiffs' position that all e-mails had been secured because a password had been provided and that this contention is "patently false" (Schnapp dec., par. 9-10). Apart from the fact that the state court colloquy makes it clear that this had not been plaintiffs' position, the colloquy before Judge Koetl also does not support their position. The full transcript is annexed to the Schnapp declaration in opposition to the motion for a preliminary injunction as exhibit F.

9. At page 12 of the transcript, I stated that Pure Power had an employee policy against using e-mail on the firm computer. That policy was ignored and defendants used the computer, resulting in the recovery of the emails. It was stated that other e-mails were recovered because the defendants actually gave an employee their password. Accordingly, we explained that in addition to verbally sharing their password with a Pure Power employee, they actually left the password on the Pure Power computer.

10. Although I was mistaken as to certain details (Fell used the computer at the front desk; it was Belliard who accessed Brenner's office computer; I indicated that the emails were housed on the computer, it was the username and password housed on the computer which in turn allowed access to the emails through the server).

11. The primary basis for the recovery of e-mails from the Hotmail account had been because Fell used the Pure Power computer and ended up storing his password and username. Defendants' contention that the sole source for the e-mails had been verbal disclosure by Fell is contrary to the specific statements in both transcripts.

12. Another misdirection by defendants is Fell's claim that the emails in issue had not been sent from plaintiffs' computers (Fell aff., par. 5-6). As with many of defendants' claims, the

statements must be carefully parsed to avoid the misleading conclusion they hope will be drawn. As worded, it suggests that Fell is denying use of the Pure Power computers at all.  However, apart from the fact that he must have if his email and username were saved in the computer, counsel for defendants at the State court proceedings conceded that Fell had in fact used the company computer for personal use (Transcript, pp. 26-27).

13.     While Fell claims he never sent the emails in issue from Pure Power's computer, an unlikely claim given Lorenzi's affidavit that he used the computer often (an issue to be resolved after full production of his email account, as well as the accounts of Belliard, Lee, Baynard, Lawrence Buterman and the Fox firm, the latter subject to issues of privilege), what is critical for the moment is that Fell does not deny his access of his email through Pure Power computers, and Belliard does not provide any affidavit at all.

14.     Defendants' attempt to misdirect attention from Fell's conduct by claiming the issue is limited to whether he voluntarily provided a password is untenable.

15.     Finally, there is defendants claim of the spoliation of evidence.

16.     There is a genuine spoliation issue in this case, but it is not anything plaintiffs have done. Richmond's email to Fell (Exhibit BB confirm that the agreement existed and Fell's email to Lee establishes that he shredded it.  Thus there is a clear cut issue of spoliation by defendant's and as a result, should the court conclude that privilege attached to the Richmond email, as a sanction for spoliation, use of the email should be allowed.

17.     Defendant's claim of spoliation, however, is baseless.

18.     The complaint is that because the e-mail exhibits to plaintiffs' motion papers do not contain the date they were printed, spoliation occurred.

19.     This is not spoliation of evidence.

20. Prior counsel annexed the e-mail printouts without the dates.

21. E-mail printouts with the dates, if relevant at all, would be subject to future discovery just as all of defendants' e-mails will be.

22. Should it turn out that documents are unavailable, an application for spoliation sanctions might apply. However, not at this point.

23. What should be produced, however, is the email accounts of Fell, Belliard, Lee, Baynard and Larry Buterman, prior to his limited appearance as counsel. Defendants assert .certain emails are privileged. At least one email shows that Fell shared attorney client communications with Lee before she was a party in this action. It is defendants' burden to establish privilege and before any evaluation of their claim is made, there should be production of emails around the time of any contested emails to see if those emails were shared as well.

WHEREFORE, it is requested that defendants' motion be denied, together with such other and further relief as the court deems proper.

Dated: New York, New York
July 11, 2008                         S/HERZFE 25%tenog
                                      RICHARD L. HERZFELD (0642)