**BAHN, HERZFELD & MULTER, LLP**
ATTORNEYS AT LAW
**555 FIFTH AVENUE**
**NEW YORK, NY 10017**

ALLAN M. BAHN
RICHARD L. HERZFELD
ANDREW MULTER

TELEPHONE: (212) 818-9019
FACSIMILE: (212) 986-5316
E-MAIL: BHMLLP@AOL.COM

July 21, 2008

Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 12B
New York, New York 10007

    Re: Pure Power Boot Camp, et. al. v. Warrior Fitness Boot Camp, et. al. 08 CV 4810 (JGK)

Dear Judge Koeltl:

    This letter is in response to defendants' letter of July 17, 2008 in opposition to the application to seal certain exhibits. The claim that the request to seal Exhibit X to Brenner's original affidavit would not cover the copy of Exhibit X forwarded to the court as well has been addressed in our reply papers in support of the motion for a preliminary injunction. The request that the actual exhibit be sealed should include any copies of the exhibit as well. If this is genuinely an issue, we request that the court treat the application as one to place the copy under seal as well. In addition, because issues have been raised as to the date and time of printing, these same emails have been submitted by defendants in support of their motion to preclude use of the emails (part of Exhibit A to Schnapp decl. dated July 1, 2008) and will be submitted shortly by plaintiffs in connection therewith as well. Any application should be deemed to include these copies as well.

    We also dealt in Brenner's reply affidavit with defendants' claims regarding the email in which clients were invited to view court documents. It was not intended to disclose client information and no such information was in fact revealed.

    As far as the claim that the request to seal is "procedurally improper and misleading", we believe the request is consistent with the court's direction. Attached is a proposed order. Should anything further be required we are ready to provide it.

    As far as former counsel's reasoning for filing the motion papers under seal in State Court, there is nothing to suggest that confidentiality was not a basis for his actions as well.

    Finally, as far as the public interest, it is settled that the right of access is not to be used to secure confidential business

BAHN, HERZFELD & MULTER, LLP

Hon. John G. Koeltl
July 21, 2008
Page 2

information that might harm a litigant's competitive standing. See U.S. v. Tangorra, 542 F.Supp.2d 233 (E.D.N.Y. 2008).

    We have set forth in the original declaration as well as the papers in support of the motion for a preliminary injunction why the few exhibits in issue contain confidential, proprietary information. Plaintiffs' business plan, operations manual, its startup manual, and corporate team challenge program reflect the details of its franchising plan and its overall business operations; these were maintained as confidential, proprietary documents, developed at great cost to plaintiffs in furtherance of their business operations and overall franchising plan. These documents are reflected in whole or in part in Exhibits D, Q and JJ and in the document generated by defendants annexed as exhibit P.

    In addition, the identity of Pure Power clients along with email contact information is one of significant issues to be decided. To show the Court what had taken place, emails containing the customer list, along with other related information regarding the customers, and email solicitations identifying customers are annexed as exhibits to the motion. These exhibits are Exhibits U, X and DD, all of which disclose information from the client list to show what was taken by defendants. The confidential nature of this information and the unavailability to the general public has been addressed at length in the papers in support of the preliminary injunction, including Brenner's original affidavit, her supplemental affidavit and her reply, and the supporting memoranda.

    Just as defendants' theft has caused irreparable injury, public access to this information would cause the same injury. It is submitted that the public has no real interest in these exhibits and if open access is allowed, as set forth in the preliminary injunction papers, it will significantly damage plaintiffs.

Respectfully,

RICHARD L. HERZFELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PURE POWER BOOT CAMP, INC.,                              ORDER
PURE POWER BOOT CAMP FRANCHISING
CORPORATION, and PURE POWER BOOT
CAMP JERICHO INC.,                                       Index No.: 08 CV 4810 (JGK)

                Plaintiffs

           -against-

WARRIOR FITNESS BOOT CAMP, LLC,
ALEXANDER KENNETH FELL a/k/a ALEX
FELL, Individually; RUBEN DARIO BELLIARD
a/k/a RUBEN BELLIARD, Individually;
JENNIFER J. LEE Individually; and NANCY
BAYNARD, Individually,

                Defendants.
-----------------------------------------------------------------x

      Upon the declaration of Richard L. Herzfeld, dated June 24, 2008, the letter of Daniel Schnapp, Esq, dated July 17, 2008 in opposition thereto and the letter of Richard L. Herzfeld dated July 21, 2008 in further support thereof, it is

         ORDERED, that any documents filed, or to be filed, in this action containing, in whole or in part, plaintiffs' client lists, franchise manuals and business plans, shall be maintained under seal. Accordingly, Exhibits D, Q, P, U, X, DD and JJ to the affidavit of Lauren Brenner in support of plaintiffs' order to show cause for a preliminary injunctions, and any copies thereof, including the copy of Exhibit X provided to the court by letter dated May 28, 2008, the copies contained in Exhibit A to the Schnapp declaration dated July 1, 2008 in support of the motion to preclude emails and the copies annexed to the supplemental declaration of Richard L. Herzfeld in opposition to the motion to preclude emails, as well as any future filing containing the forgoing information in whole or in part, shall be maintained under seal.

Dated: NEW YORK, NEW YORK
       July ___, 2008

                                                           _____
                                                           JOHN G. KOELTL, U.S.D.J.