# BAHN, HERZFELD & MULTER, LLP

### ATTORNEYS AT LAW

## 555 FIFTH AVENUE
## NEW YORK, NY 10017

ALLAN M. BAHN
RICHARD L. HERZFELD
ANDREW MULTER

July 24, 2008

TELEPHONE: (212) 818-9019
FACSIMILE: (212) 986-5316
E-MAIL: BHMLLP@AOL.COM

By Facsimile and ECF

Hon. Theodore H. Katz
United States District Court
Southern District of New York
500 Pearl Street
Room 1660
New York, New York 10007

  Re: Pure Power Boot Camp, et. al. v. Warrior Fitness Boot
   Camp, et. al. 08 CV 4810 (JGK)

Dear Judge Katz:

  This brief letter is in response to new assertions and further
distortions of the record raised by defendants in their letter of
July 23rd. It would be nice if defendants, who have engaged in
underlined ongoing misconduct, could refrain from their distortions
and hyperbole characterizations, but apparently they are of the
belief that the best defense is a good offense, and they cannot.

  Defendants first tried to assert that the only basis for access
to the emails was because plaintiffs claimed that Fell gave Lorenzi
the password. When that did not work, defendants complained that
they could not tell when the emails were accessed because the print
dates were cut off. Prior counsel advised me that it was a copier
malfunction. As I was not involved, and my client was unaware of
the issue, that is the best I can provide. However, once alerted
tho the issue, at the request of the court, we provided the
documents with the print dates and they fully support plaintiffs'
assertions (assertions which defendants do not even deny- throughout
their papers they acknowledge that access was well after defendants
left).

  Now that this misdirection has failed as well, defendants now
assert for the first time that in order to determine first access
to the emails, a forensic analysis was required to be conducted by
plaintiffs. They once again distort the record, suggesting that
Judge Katz' comment on forensic analysis was directed to the issue
of access, when in fact it was directed to the question of whether
Fell sent emails from Pure Power computers during work hours. There
was never any discussion of forensic analysis to determine when
plaintiffs' accessed the emails. Now, however, faced with print
dates which confirm plaintiffs' position, defendants claim that Pure
Power should have conducted a forensic analysis to show first
access.

**BAHN, HERZFELD & MULTER, LLP**

Hon. Theodore H. Katz
July 24, 2008
Page 2

Had it been raised before the motion was returnable, it is an issue which could have been addressed, although it is really a non-issue since defendants have conceded that the access was a month after defendants left, and it is inconceivable that if plaintiffs were aware of defendants' plot while still employed, they would have allowed defendants to continue. It is also inconceivable that plaintiffs would have accessed these damning emails and not printed them when first accessed, running the risk that they would be deleted or purged.

Second, as previously indicated, the issue of illegality is defendants' burden. If they felt forensics were required, they should have asked for it at the outset, rather than after all papers have been submitted.

Next, defendants annex an indictment which they claim mirrors the conduct herein. Without getting into the differences, suffice it to say that I am advised by co-counsel, Stacy Richman, that these issues were preemptively presented to AUSA Marcus Asner, head of special prosecutions, who indicated that it was unlikely that if a complaint were made, the issue would be pursued, particularly in light of the greater misconduct of defendants.

To the extent that defendants assert that the explanation of access to the Warrior Fitness account is "rotten", please note that defendants do not deny that Fell used the same password for his Warrior Fitness account. To the extent that defendants find Shakespeare appropriate, perhaps the more apposite quote would be from King Lear, "How sharper than a serpent's tooth it is to have a thankless child".

I am also compelled to address defendants' unsubstantiated, vague claim of possible perjury and contrast it to the specific assertions by defendants (at least Fell as no other defendant has come forward) as to how they came to generate their 300+ contact list (personal contacts)and that they never solicited Pure Power clients, against the email itself, which expands 88 clients to over 300, says that it is information provided by a "dear friend" and has actual notes regarding solicitation, along with the solicitation emails from Lee and Baynard and the affidavit of Nicole Davis acknowledging receipt of the email "announcement".

Finally so defendants do not now claim that any issue which has not been addressed is conceded, we rely on our previous papers which address all other issues.

Respectfully,

RICHARD L. HERZFELD

cc:  Hon. John G. Koeltl
     Daniel Schnapp, Esq.