

**Fox Rothschild LLP**
ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

Eli Z. Freedberg
Direct Dial:  (212) 878-7970
Email Address:  efreedberg@foxrothschild.com

July 29, 2008

<u>**VIA ECF and FAX (212) 805-7912**</u>
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Pure Power Boot Camp, et al. v. Warrior Fitness, et al.
      <u>08 Civ. 4810 (JGK)(THK)</u>

Your Honor:

This firm represents Warrior Fitness Boot Camp, LLC, Alexander Fell, Ruben Belliard, Jennifer Lee and Nancy Baynard (collectively "Defendants"), the defendants in the above-referenced action. Pursuant to the Court's direction, we write in response to the DVD containing video clips of news stories featuring both Plaintiffs' and Defendants' gyms that was played by Plaintiffs during the July 24, 2008 oral argument concerning Plaintiffs' Motion for a Preliminary Injunction.[1] As Your Honor may recall, Plaintiffs played this twelve minute long video in order to support their facially invalid claims for trade dress infringement and violations of the Lanham Act.

Up until this point Plaintiffs had merely stated, in the most conclusory of terms, that they owned trade dress rights in the "overall look and feel" (*See* Reply Aff. Of Lauren Brenner, dated July 10, 2008, ¶ 39) or the "ambiance" (*See* Pl. Supp. Mem. Of Law, p 10. dated June 6, 2008) of their gym. However, nowhere in Plaintiffs' Complaint or in the multitude of affidavits, declarations or memoranda of law filed in support of their motion for a Preliminary Injunction, did they attempt to specifically describe the layout or design of their own gym and contrast that to the layout and design of Defendants' gym. Plaintiffs also failed to allege any specific facts to demonstrate that there has been any actual confusion or, alternatively, the likelihood of confusion by consumers concerning the source of Defendants' gym. Plaintiffs also failed to allege any facts to support the claim that their brand has acquired secondary meaning. Even with the submission of this DVD,

---

[1] Plaintiffs failed to attach these video clips to their original moving papers, their supplemental papers after the case was removed to federal court or even to their reply papers. As a result, this was the first time Defendants saw these videos.



Fox Rothschild LLP
ATTORNEYS AT LAW

Hon. John G. Koeltl
July 29, 2008
Page 2

Plaintiffs have failed to demonstrate that they can satisfy any element necessary to succeed on their trade dress infringement claims. *See e.g., 20th Century Wear Inc. v. Sanmark-Stardust, Inc.*, 815 F.2d 8 (2d Cir. 1987) (finding that four years of use and failure to introduce customer surveys was not enough to demonstrate secondary meaning).

On the contrary, Defendants have addressed all of these issues in their submissions to this Court with respect to their opposition to Plaintiffs' Motion for a Preliminary Injunction and in their Motion to Dismiss. While Defendants do not desire to burden the Court by repeating these arguments, it is worth noting that Plaintiffs' newly introduced videos do not support their trade dress claims. In fact, their own video clips buttress the fact that Plaintiffs have no trade dress rights and that there are significant differences between their own gyms' design, layout, construction and ambiance. Moreover, the videos support the affidavits submitted by Defendant Alex Fell and by Rocco Greco. Those affidavits demonstrate in detail that there are significant and fundamental differences between Plaintiffs' and Defendants' gyms and that there is no likelihood of confusion between these facilities.

It is evident from the first video clip on the DVD that Plaintiffs' gym is significantly different than Defendants' gym. Plaintiffs' gym has several camouflage pillars with words stenciled on them. The walls of Plaintiffs' gym are painted green. The video clip shows customers dressed in camouflage fatigues. There is also netting throughout the facility. The obstacle course has black crushed rubber underneath it. Moreover, Ms. Brenner describes certain of her membership plans (information that she has also claimed is proprietary and confidential), such as the Tour of Duty membership plan which offers customers the option to take classes four times a week for six weeks. She also describes her "personal guarantee" (another feature which Plaintiffs claim is proprietary and confidential), in which she offers dissatisfied customers the option of returning until they meet their fitness goals. Warrior Fitness does not incorporate a single one of these elements in their operations.

The second clip featuring Pure Power provides a little more detail about the workouts they offer. This video demonstrates that Pure Power's customers wear fatigues and are given dog tags – Defendant Warrior Fitness's clients do not have to wear dog tags or camouflage pants. The reporter also states that Pure Power's obstacle course contains twelve obstacles and that the workout begins with running laps, pushups, walking lunges, wall squats. The reporter further explains that the customers then proceed to the obstacle course which is arranged in the following order: wall climb, hurdles, log roll, net climb, and the rope swing. As demonstrated in the affidavits filed in support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction, the types of obstacles maintained by Defendants are different than the obstacles offered by Plaintiffs. In addition, Defendants have arranged their obstacles in a completely different order than Plaintiffs have arranged their obstacles.

NY1 302523v1 07/29/08



Fox Rothschild LLP
ATTORNEYS AT LAW

Hon. John G. Koeltl
July 29, 2008
Page 3

      The third clip, featuring Pure Power Jericho, shows the significant differences between Pure Power's Manhattan and Jericho locations, which mitigate <u>against</u> Plaintiffs' claim that Pure Power maintains a unique and distinct trade dress. The video clip also demonstrates that there are significant differences between Plaintiffs' Jericho location and Defendant Warrior Fitness's gym. The video shows that Pure Power Jericho utilizes changing tents as locker rooms – a feature not found in Warrior Fitness. It also demonstrates that Pure Power Jericho, as opposed to Pure Power Manhattan - has its principles of leadership stenciled on the walls rather the pillars. Pure Power Jericho does contain pillars, but these pillars are only painted in camouflage and do not appear to have any words stenciled on them. Pure Power Jericho's obstacle course also appears to be vastly different than the obstacle course that was featured in the first two videos.

      The final video clip was filmed for a very brief period of time in Warrior Fitness' facility. Nevertheless, the distinctions between Warrior Fitness and Pure Power are evident. In particular, Warrior Fitness does not use tents as locker rooms – whereas Pure Power does. Warrior Fitness's walls are painted red white and yellow, the Marine Corps's colors, rather than the green paint used by Plaintiffs. Warrior Fitness has not installed any netting in their gym whereas Pure Power uses netting on their ceilings and in their obstacle course. Warrior Fitness has not stenciled any principles of leadership on pillars or on any walls, whereas Plaintiffs have stenciled their walls and pillars. Warrior Fitness installed ladders on their walls, whereas no such ladders exist at Pure Power. Warrior Fitness's arrangement and design of its obstacle course is completely different than Pure Power's arrangement of their obstacle course.[2] Warrior Fitness incorporates an exercise where customers sit in tires and throw medicine balls at one another while Pure Power does not utilize medicine balls in their exercise routines. In addition, the floor of Warrior Fitness's obstacle course has reddish rubber (suggestive of dirt), as opposed to Pure Power's black rubber. The remaining differences between Warrior Fitness's gym and Pure Power's gyms, of which there are many, were previously addressed in the affidavits of Defendant Alex Fell and Rocco Greco.

      As a final matter, Plaintiffs' trade dress is indisputably functional and therefore not subject to trade dress protection. As the video clips demonstrate, their customers use the obstacle course – they swing on ropes, navigate hurdles, and climb walls. For this reason alone Plaintiffs' trade dress claims must fail.

      In sum, the videos presented by Plaintiffs only highlight the differences between Plaintiffs' own locations as well as the differences between Plaintiffs' and Defendants' facilities. The videos also demonstrate that the features Plaintiffs seek to protect are functional and thus incapable of trade

---

[2] For a more detailed comparison of Defendant Warrior's obstacle course to Pure Power's obstacle course, please refer to the affidavits of Alexander Fell and Rocco Greco previously submitted to this Court on July 3, 2008 and July 2, 2008, respectively.

NY1 302523v1 07/29/08



Fox Rothschild LLP
ATTORNEYS AT LAW

Hon. John G. Koeltl
July 29, 2008
Page 4

dress protection. Based on these incontrovertible facts, Plaintiffs' Motion for a Preliminary Injunction must be denied.

Respectfully yours,

Eli Z. Freedberg (EF 6854)

cc: Richard L. Herzfeld, Esq.

NY1 302523v1 07/29/08