UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PURE POWER BOOT CAMP, INC.
PURE POWER BOOT CAMP FRANCHISING
CORPORATION, and PURE POWER BOOT
CAMP JERICHO INC.,

                      Plaintiffs,

            - against –

WARRIOR FITNESS BOOT CAMP, LLC;
ALEXANDER KENNETH FELL a/k/a ALEX FELL,
Individually; RUBEN DARIO BELLIARD
a/k/a RUBEN BELLIARD, Individually;
JENNIFER J. LEE, Individually;
and NANCY BAYNARD, Individually,

                      Defendants.

**ECF Case**
**Case No. 08-cv-4810 (JGK) (THK)**

---

# DEFENDANTS' REPLY MEMORANDUM OF LAW TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT IN ITS ENTIRETY AND/OR FOR SUMMARY JUDGMENT

---

                                            Carolyn D. Richmond, Esq. (CR 0993)
                                            Daniel A. Schnapp, Esq. (DS 3484)
                                            **FOX ROTHSCHILD LLP**
                                            100 Park Avenue, 15th Floor
                                            New York, NY 10017
                                            Tel: (212) 878-7900
                                            Fax: (212) 692-0940

## **PRELIMINARY STATEMENT**

Defendants instituted this motion to dismiss because, among other fatal flaws to Plaintiffs' case:

(1) Plaintiffs attempt to claim the right to enforce purported restrictive covenants against Defendants Fell and Belliard—Plaintiffs' former personal trainers--that, if signed, would prohibit competition *anywhere in the world for a period of ten years,* and would prohibit these trainers from earning a living in any business that incorporates any physical exercise program.

(2) Plaintiffs have waived any claim of confidentiality in their materials. Plaintiffs' owner has invited her present (of which there are apparently 1700) and previous clients over to her office to read her "court papers," which include a detailed description of Plaintiffs' purported trade dress, operations manual, business plan, client list, and startup manual. Plaintiffs and their attorneys also submitted their list of client names to this Court without placing this information under seal.

(3) Plaintiffs improperly claim trade dress infringement while alleging that their trade dress is comprised almost entirely of functional items.

Now, in their opposition, Plaintiffs simply elect to ignore many of these facts and instead cite to inapposite case law—when they actually choose to cite "support" for their arguments. For example, Plaintiffs fail to point to a single case in which restrictive covenants such as the ones at issue have been held to be enforceable. Similarly, Plaintiffs fail to address the fact that Plaintiffs have waived any right to claim that their materials are confidential. Moreover, Plaintiffs do not even attempt to address the litany of differences between the parties' own facilities.

Accordingly, Defendants' motion should be granted in its entirety.

## ARGUMENT

## POINT I

## PLAINTIFFS HAVE NOT MET THEIR BURDEN
## TO SHOW THAT THE COMPLAINT SHOULD NOT BE DISMISSED

A.  **Plaintiffs Have Failed to State A Claim For Breach of Contract Against Fell and Belliard**

Defendants showed in their motion that the Court will dismiss complaints alleging the existence of onerous, overboard, and burdensome restrictive covenants, including covenants like the ones at issue here. *Heartland Sec. Corp. v. Gerstenblatt*, 2000 WL 303274 (S.D.N.Y. 2000).

In *Heartland,* for example, the court granted the defendants' motion to dismiss claims for breach of restrictive covenant because the covenants were overly broad in scope and served no legitimate purpose. *Id.* at *13. The court found the durations of the covenants, particularly the unlimited geographic scope, to be unreasonable and extremely burdensome on the employees. *Id. at * 21.* Ultimately, in *Heartland*, the court declined to blue-pencil the agreement. *Id.* at *29.

Here, Plaintiffs seek to enforce, or have this Court "blue-pencil" restrictive covenants that, if signed, would prohibit competition *anywhere in the world for a period of ten years,* and would prohibit Defendants from earning a living in any business that incorporates any physical exercise program. Yet, despite a wealth of federal and state cases reviewing the scope of restrictive covenants (not to mention cases in the Second Circuit), Plaintiffs do not cite to a *single case* where provisions such as the one at bar have been either enforced or even "blue-penciled." Plaintiffs do not because they cannot. The law is squarely against them.

Thus, this Court should, as the Court did in *Heartland*, refuse to enforce, or "blue-pencil" Plaintiffs' patently overbroad restrictive covenants and dismiss Plaintiffs' cause of action for breach of contract.

2

B.  **Plaintiffs Have Failed to State A Claim For Breach of Duty of Loyalty against Belliard, Fell, Lee, and Baynard**

Defendants showed in their motion that, despite numerous sworn affidavits and exhibits, Plaintiffs have not produced a shred of admissible evidence to show that Defendants worked on their allegedly competing business while "on the clock" at Plaintiffs' facility or that Defendants misappropriated any allegedly proprietary materials. Plaintiffs have had ample opportunity to present any admissible evidence of such wrongdoing during the approximately ten months that this case has been pending.

Even if Plaintiffs do have confidential or proprietary information, the inexorable fact remains that, by repeatedly placing this alleged information in the public domain, Plaintiffs have waived their claim of confidentiality. Indeed, Defendants have repeatedly asserted to this Court—and Plaintiffs do not deny—that any confidentiality attached to these materials was waived long ago.[1]

In addition, Plaintiffs admit that they cannot allege that Lee and Baynard, Plaintiffs' former clients, owed Plaintiffs a duty of loyalty sufficient to sustain a cause of action for breach of fiduciary duty against them. Although Plaintiffs claim that Lee and Baynard "knowingly participated in the breaches," and are allegedly therefore liable for breach of fiduciary duty, Plaintiffs are misguided and relegated to citing unavailing case law in support of their assertion.[2]

---

[1]  Plaintiffs' owner sent a "blast" email to all of her present and former clients and invited them to her office to review her filings in the New York Court. Similarly, Plaintiffs filed their client list and other purportedly confidential information with the New York Court when they attached it to Brenner's affidavit. Thus, Plaintiffs waived any right that they had to claim these materials as confidential or proprietary. *See Awards.com LLC v. Kinkos, Inc.*, 42 A.D.3d 178, 189, 834 N.Y.S.2d 147, 156 (1st Dep't 2007) (holding that even if Plaintiff possessed any trade secrets, the claim for misappropriation and breach of a confidentiality agreement was waived because Plaintiffs filed the purportedly confidential document with the Court); *Am. Inst. of Chem. Eng'rs v. Reber-Friel Co.*, 682 F.2d 382, 388 (2d. Cir. 1982).

[2]  In *Schneider*, cited by Plaintiffs, the court *dismissed* the complaint against the third parties who, like Lee and Baynard here, allegedly "knowingly participated in the breach." *Id* at *5. Additionally, the *Schneider* court found that the material submitted by plaintiff both in support of the motion for a preliminary injunction and in opposition to the motion for summary judgment failed to raise a triable issue of fact as to these allegations. *Id.*

In *American Building Maintenance*, cited by Plaintiffs, the

3

### C.  Plaintiffs Have Failed to State A Claim For Unjust Enrichment

In their motion, Defendants showed that Plaintiffs have failed to state a claim for unjust enrichment because Plaintiffs have failed to allege both that Defendants benefited from the alleged enrichment and that this benefit was conferred at Plaintiffs' expense. In their response, Plaintiffs fail to respond to Defendants' contention that Plaintiffs have failed to plead that the alleged benefit came at Plaintiffs' expense. Plaintiffs' failure to allege this element of unjust enrichment or even answer for their failure to do so requires dismissal of this cause of action. *Giant Supply Corp. v. City of New York*, 248 A.D.2d 231, 235, 670 N.Y.S.2d 29 (1st Dep't 1998). Plaintiffs have also failed to address Defendants' assertion that Plaintiffs have failed to allege how Baynard and Lee were enriched in any way at the Plaintiffs' expense. At a minimum, this requires the dismissal of the unjust enrichment cause of action against Lee and Baynard.

Also, despite Plaintiffs' argument, if this Court permits Plaintiffs' restrictive covenants to stand (which it should not), or even elect to "blue-pencil" the covenants, then Plaintiffs' unjust enrichment claims must be dismissed due to the existence of a "valid and enforceable" agreement. *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 45 (E.D.N.Y. 2008).

---

court dismissed the claims of breach of fiduciary duty since the underlying claims of civil conspiracy claim were dropped from the amended complaint. *American Building Maintenance v. Acme Property Service*, 515 F.Supp. 2d 298, 318 (N.D.N.Y. 2007). Likewise, Plaintiffs have dropped their claim of civil conspiracy from their amended complaint.

Plaintiffs misapply the law cited in *Innovative Networks* regarding conspiracy. *Innovative Networks Inc. v. Satellite Airlines Ticketing Center, Inc.*, 871 F.Supp. 709, 731 (S.D.N.Y. 1995). That case discusses the applicability of a civil conspiracy charge, which is not itself an actionable tort under New York law; however, conspiracy allegations are permissible to show that the substantive tortious acts complained of flowed from a common scheme or plan. *Id.*

This ruling is inapplicable in the instant case. First, Plaintiffs have still not demonstrated that Lee and Baynard have participated in any acts that constitute an independent tort, and have not provided any case law indicating that Lee and Baynard owe any third-party duty of loyalty to Plaintiffs.

Moreover, Plaintiffs have removed the civil conspiracy allegation from the amended Complaint. As a result, even if Plaintiffs had participated in an underlying tort, Plaintiffs no longer allege that they participated in any conspiracy; therefore, the civil conspiracy analysis cited to by Plaintiffs is not applicable here.

### D.   Plaintiffs Have Failed to State A Claim For Unfair Competition

Defendants showed in their motion to dismiss that Plaintiffs failed to submit an iota of evidence concerning their allegation that there is a likelihood of confusion among purchasers as to the origin of the parties' products and services.

In response, Plaintiffs claim that Defendants "graft the unwarranted requirement onto a claim of unfair competition that misappropriation must lead to confusion by consumers." *See* Plaintiffs' Brief at 14.  Yet, it is *Plaintiffs* who allege at Paragraph 81 of their amended complaint that the alleged common law unfair competition is "likely to cause confusion and/or deceive prospective clients as to the origin of Defendants' facility," thereby damaging Plaintiffs.

In any event, Plaintiffs fail to respond whatsoever to the litany of differences between the parties' facilities, arguing only in the most conclusory fashion that the differences are "miniscule" and "insignificant."  Ultimately, it is clear that Plaintiffs' own claim of customer confusion is a farce and their unfair competition claim is not plausible.

Plaintiffs also do not even attempt to respond to Defendants' contention that Plaintiffs' claims for unfair competition must be dismissed as against Lee and Baynard as well because Plaintiffs have not specifically alleged that Lee or Baynard actually misappropriated trade secrets, trade dress, or corporate documents.

### E.   Plaintiffs Have Failed to State A Violation of NY GBL § 360

As Defendants showed in their motion, to state a claim for a violation of NY GBL § 360, Plaintiffs must set forth the same facts as to prove a claim of unfair competition.  In addition, to assert a claim for trademark infringement or dilution in violation of NY GBL § 360-k and § 360-l, as alleged by Plaintiffs (*see* Complaint Paragraph 87), a party must demonstrate that Defendant's use of the trademark is likely to cause confusion or mistake about the source of the

5

allegedly infringing product. *See Beverage Mktg. USA, Inc. v. South Beach Beverage Co., Inc.*, 20 AD 3d 439 (N.Y. App. Div. 2005).

Plaintiffs fail to respond to this point aside from stating that they have properly pled a claim of unfair competition which, as shown, they did not. Plaintiffs do not even attempt to address the multitude of differences between the parties' respective facilities that preclude any possibility of customer confusion. As a result, Plaintiffs' claim for a violation of NY GBL § 360 should be dismissed.

**F.    Plaintiffs Have Failed to State A Claim For Statutory Trade Dress Infringement**

Defendants showed in their motion that Plaintiffs' claim for trade dress infringement must fail because, at a minimum, Plaintiffs cannot show that the alleged trade dress is primarily non-functional. *See Two Pesos, Inc. v. Taco Cabana*, Inc., 505 U.S. 763, 769 (1992).

Plaintiffs respond by admitting that their trade dress "serves a useful purpose" but claim that their "look and feel" is entitled to protection. *See* Plaintiffs' Brief at 16. Yet, it is Plaintiffs who allege in their complaint that their "indoor obstacle course," with its hurdles, a series of walls to ascend and descend, a tire run, a barbed wire netting to crawl under, monkey bars, dip bars, rolling logs, a wrap-around climbing wall, a cargo net climb, bob-and-weave boxing ropes, a rope climb, a ramp with a tunnel to shoot through, and a rope swing over a water pit, among other things is entitled to protection. *See* Complaint ¶ 19 *et seq*. Having already alleged that their trade dress is made up of purely functional elements, Plaintiffs now cannot claim protection in their alleged "look and feel," when they seek to protect the functional elements of their purported trade dress. As a result, Plaintiffs' trade dress claim must be dismissed.

### G. Plaintiffs Have Failed to State A Claim For Copyright Infringement

Plaintiffs' claim of copyright infringement should be dismissed because Plaintiffs seek to recover for alleged infringement just after they copyrighted their materials. Indeed, courts do not automatically allow copyright infringement actions to proceed when registration is made after filing of the complaint. *See, e.g., New York Times Co. v. Sun Printing & Publishing Ass'n*, 204 F.586 (2d Cir. 1913) cert. denied, 234 U.S. 758, 34 S. Ct. 676 (1914) (stating that a copyright infringement claim could not be maintained unless proven that copyright was properly registered prior to commencement of the action); *Rudolph Lesch Fine Arts, Inc. v. Metal*, 51 F.Supp. 69, 70 (S.D.N.Y. 1943).[3]

Here, Plaintiffs' materials were not registered with the Copyright Office until May 13, 2008, more than a week after the initial complaint was filed with the New York Court. On this basis, Plaintiffs' copyright infringement action must be dismissed.

### H. Plaintiffs Have Failed to State A Claim For Conversion against Belliard and Fell

Defendants showed in their motion that Plaintiffs' claim for conversion must fail because it is duplicative of Plaintiffs' breach of contract claim. *Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 148 F.Supp.2d 321, 328-329 (S.D.N.Y. 2001). In response, Plaintiffs argue that they can plead in the alternative but fail to offer a single case to refute the case law cited to by Defendants. Plaintiffs failure to even respond to the issue concerning their duplicative claims mandates dismissal of Plaintiffs' cause of action for conversion.

---

[3] Although there is some precedent for maintaining a copyright action even when registration is made after the filing of the complaint, Plaintiffs must show that Defendants would not be prejudiced by this claim. *Charron v. Meaux*, 60 F.R.D. 619, 624 (S.D.N.Y. 1973).
Here, allowing Plaintiffs' to allege copyright violations prejudices Defendants, as it is evident that these copyrights were registered for the sole purpose of bringing a claim against Defendants. Plaintiffs were in possession of these documents as early as 2006, yet made no attempt to copyright these materials until after filing the complaint. *See* First Amended Complaint ¶ 29. It is difficult to conceive of any other reason why Plaintiffs waited nearly two years to copyright these materials but for the sole purpose of bringing another frivolous charge against Defendants.

## I. Plaintiffs Have Failed to State A Claim For Defamation Against Lee

Defendants demonstrated in their motion that New York courts have consistently viewed statements regarding one's professional, and ethical conduct to be non-actionable statements of opinion. *See, e.g., Tasso v. Platinum Guild Int'l,* 1998 U.S. Dist. LEXIS 18908 at *5-6 (S.D.N.Y. Dec. 3, 1998). Within this context, it is apparent that Defendant Lee's alleged statements that Plaintiff Brenner "hated homosexuals and treated all of her employees like garbage" are statements of opinion as they are related to Plaintiff Brenner's professional and ethical conduct as to how she treats her employees and clients.

In response, Plaintiffs confusingly claim that defendant "Lee is privy to some incident in which Brenner demonstrated a hatred for homosexuals" and that "Lee has seen or heard Brenner in fact treat members of her staff in a degrading, disrespectful, or abusive manner" without disclosing which incidents Plaintiffs are referring to. Plaintiffs attempt to distinguish the cases cited by Defendants from this one on the basis that Lee did not disclose the basis for her opinion.

Plaintiffs are clearly grasping for straws. Indeed, in a case cited by Plaintiffs, the court reiterates that "sifting through a communication for the purpose of isolating and identifying assertions of fact" should not be the central inquiry when distinguishing between protected expressions of opinion and actionable assertions of fact. *William Guerrero v. Carva,* 10 A.D.3d 105, 112, 779 N.Y.S.2d 12 (1st Dep't 2004) citing *Brian v Richardson,* 87 N.Y.2d 46, 51 (1995). Instead, courts "should look to the over-all context in which the assertions were made and determine on that basis whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff." *Id.*

Although Plaintiffs fail to disclose any details of the alleged incidents in which Defendant Lee made these remarks, it is evident that the remarks are protected expressions of

8

opinion. The comments, if made, were clearly based on Lee's *opinion* that Brenner was a poor employer and hated homosexuals. The Court need not sift through these statements in order to isolate the assertions of fact, and since Plaintiffs have not and cannot provide any detail about these incidents, it would be impossible to do so at any rate. Therefore, this claim must be dismissed.

### J.     Plaintiffs Have Failed to State A Claim For Tortious Interference with Prospective Economic Advantage

Defendants showed in their motion that Plaintiffs' cause of action alleging tortious interference with prospective economic advantage must be dismissed because Plaintiffs must allege that, through Defendants' intentional and wrongful acts, identified third parties were prevented from entering into a business relationship with Plaintiffs, *Snyder v. Sony Music Entertainment, Inc.*, 252 A.D.2d 294, 300, 684 N.Y.S.2d 235 (1st Dep't 1999), and that, but for Defendants' wrongful interference, the contract would have been entered into. *Long Island Univ. v. Grucci For Congress, Inc.*, 10 A.D.3d 412, 781 N.Y.S.2d 148 (2d Dep't 2004).

In response, Plaintiffs claim that they "do not have to identify every single potential client or investor." The problem remains, however, that despite two pleadings, and numerous sworn affidavits and exhibits, Plaintiffs have failed to identify a *single* client or investor that was prevented from entering into a business relationship with Plaintiffs. Plaintiffs' failure to do so speaks volumes and this cause of action should be dismissed as well.

### K.     Plaintiffs Have Failed to State A Claim For Tortious Interference with Contract Against Lee and Baynard

Defendants showed in their motion that the Complaint fails to allege that Plaintiffs had any outstanding contracts with any identified *third parties*, which is a prerequisite for establishing a tortious interference with contract claim. Plaintiffs wrongly claim that the alleged employment agreements with Fell and Belliard constitute contracts with third parties. Even if

9

this assertion were correct, if the employment agreements are determined to be unenforceable, then this claim must be dismissed.

### L.     Plaintiffs Have Failed to State A Claim For Injunctive Relief

Plaintiffs concede that many of their alleged claims, if proven, would only result in an award of money damages. Plaintiffs still fail to allege how any of their claims would lead to irreparable harm—an element necessary to establish injunctive relief. Having failed to make such an allegation, Plaintiffs' claim for injunctive relief should be dismissed.

### J.     Plaintiffs Have Failed to State a Claim Against Warrior

Plaintiffs have failed to adequately respond to Defendants' assertion that Plaintiffs have failed to allege any facts that could support any claim against Warrior. Defendants merely offer a vague restatement of their remaining claims against Warrior and simply lump Warrior in with the other Defendants. Plaintiffs fail to explain, for example, how Fell, Belliard, Lee and Baynard acted on behalf of Warrior, an allegation that is necessary in order to impute any claim alleged to have been committed by any of the Individual Defendants onto Warrior. Ultimately, Plaintiffs have offered only the most vague and conclusory allegations against Warrior, requiring dismissal of Plaintiffs' claims against it.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion must be granted in its entirety.

Dated:   New York, New York
         January 15, 2009

                              FOX ROTHSCHILD, LLP
                              Attorneys for Defendants

                              By: _____
                              Carolyn D. Richmond, Esq. (CR-0993)
                              Daniel A. Schnapp (DS-3484)
                              100 Park Avenue
                              New York, New York 10017
                              (212) 878-7900