UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PURE POWER BOOT CAMP, INC. PURE POWER BOOT-CAMP FRANCHISING CORPORATION, and PURE POWER BOOT CAMP JERICHO INC., and LAUREN BRENNER<br><br><br>               Plaintiffs,<br><br>      - against –<br><br>WARRIOR FITNESS BOOT CAMP, LLC; ALEXANDER KENNETH FELL a/k/a ALEX FELL, Individually; RUBEN DARIO BELLIARD a/k/a RUBEN BELLIARD, Individually; JENNIFER J. LEE, Individually; and NANCY BAYNARD, Individually,<br><br><br>               Defendants. | **ECF Case**<br>**Case No. 08-cv-4810 (JGK) (THK)** |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARRIOR FITNESS BOOT CAMP, LLC; ALEXANDER KENNETH FELL a/k/a ALEX FELL, Individually; RUBEN DARIO BELLIARD a/k/a RUBEN BELLIARD, Individually; JENNIFER J. LEE, Individually; and NANCY BAYNARD, Individually,<br><br>Defendants, Counterclaim Plaintiffs, and Third Party Plaintiffs,<br><br>      - against –<br><br>PURE POWER BOOT CAMP, INC. PURE POWER BOOT-CAMP FRANCHISING CORPORATION, and PURE POWER BOOT CAMP JERICHO INC., and LAUREN BRENNER,<br><br>Plaintiffs, and Counterclaim Defendants,<br><br>       -and-<br><br>ELIZABETH LORENZI and CHERYL DUMAS,<br><br>       Third Party Defendants. | **ECF Case**<br>**Case No. 08-cv-4810 (JGK) (THK)** |

## ANSWER AND AFFIRMATIVE DEFENSES TO THE
## SECOND AMENDED COMPLAINT

Defendants Warrior Fitness Boot Camp, LLC; Alexander Kenneth Fell a/k/a Alex Fell, Individually; Ruben Dario Belliard a/k/a Ruben Belliard, Individually; Jennifer J. Lee, Individually; and Nancy Baynard, Individually (collectively "**Defendants**"), by their attorneys Fox Rothschild, LLP, hereby answer the Second Amended Complaint ("**Complaint**") of Plaintiffs Pure Power Boot Camp, Inc., Pure Power Boot Camp Franchising Corporation, and Pure Power Boot Camp Jericho Inc., and Lauren Brenner  (collectively "**Plaintiffs**").

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

1.       In response to paragraph 1 of the Complaint, Defendants deny the allegations.

2.       In response to paragraph 2 of the Complaint, Defendants deny the allegations.

3.       In response to paragraph 3 of the Complaint, Defendants deny the allegations, and deny knowledge and information sufficient to form a belief as to the claims that Brenner is licensed to franchise Pure Power in over forty-six states and has been approached by numerous venture capitalists interested in expanding the business and deny the remainder of the allegations of paragraph 3 of the Complaint.

4.       In response to paragraph 4 of the Complaint, Defendants deny the allegations.

5.       In response to paragraph 5 of the Complaint, Defendants deny the allegations.

6.       In response to paragraph 6 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action.  Defendants deny the substantive allegations of paragraph 6 of the Complaint and do not waive the right to challenge those allegations in this Court.

## THE PARTIES

7.      In response to paragraph 7 of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to the corporate status and principal place of business of Plaintiff Pure Power.

8.      In response to paragraph 8 of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to the corporate status and principal place of business of Plaintiff Pure Power Boot Camp Franchising Corporation.  Defendants further deny knowledge and information sufficient to form a belief as to whether Brenner is the president and founder of Plaintiff Pure Power Boot Camp Franchising Corporation.

9.      In response to paragraph 9 of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to the corporate status and principal place of business of Plaintiff Pure Power Boot Camp Jericho Inc.   Defendants further deny knowledge and information sufficient to form a belief as to Pure Power Boot Camp Jericho's date of incorporation and date of opening.

10.     In response to paragraph 10 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the current residence of Plaintiff Brenner.

11.     In response to paragraph 11 of the Complaint, Defendants deny the allegations, except admit that Warrior Fitness is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 29 West 35th Street, 3rd Floor, New York, NY 10001 and was incorporated on February 28, 2008 and opened for business in May 2008.

12.     In response to paragraph 12 of the Complaint, Defendants deny the allegations, except admit that Fell is a former employee of Pure Power and is a co-owner and co-CEO of Warrior Fitness.

3

13.     In response to paragraph 13 of the Complaint, Defendants deny the allegations, except admit that Belliard is a former employee of Pure Power and is a co-owner and co-CEO of Warrior Fitness.

14.     In response to paragraph 14 of the Complaint, Defendants deny that Defendant Lee is a co-owner and co-CEO of Warrior Fitness, except admit that Lee resides at 55 W.26[th] Street, Apt. 11A, New York, NY, 10010.

15.     In response to paragraph 15 of the Complaint, Defendants deny the allegations, except admit that Baynard is Belliard's girlfriend and is a former client of Pure Power.

## JURISDICTION AND VENUE

16.     In response to paragraph 16 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that this Court has subject matter jurisdiction over Plaintiffs' federal claims.

17.     In response to paragraph 17 of the Complaint, Defendants admit the allegations.

## DEVELOPMENT OF PURE POWER

18.     In response to paragraph 18 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the development of Pure Power.  Defendants further deny knowledge or information sufficient to form a belief as to the dates the names "Pure Power Boot Camp" and "Train Military Style" were trademarked.

19.     In response to paragraph 19 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the allegations.

20.     In response to paragraph 20 of the Complaint, Defendants deny the allegations.

21.     In response to paragraph 21 of the Complaint, Defendants deny the allegations.

22.     In response to paragraph 22 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the allegations.

4

23.     In response to paragraph 23 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the allegations.

24.     In response to paragraph 24 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the allegations.

25.     In response to paragraph 25 of the Complaint, Defendants deny the allegations.

26.     In response to paragraph 26 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the allegations.

27.     In response to paragraph 27 of the Complaint, Defendants deny the allegations.

28.     In response to paragraph 28 of the Complaint, Defendants deny the allegations.

29.     In response to paragraph 29 of the Complaint, Defendants deny the allegations.

30.     In response to paragraph 30 of the Complaint, Defendants deny the allegations.

31.     In response to paragraph 31 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the allegations.

**DEFENDANTS FELL'S AND BELLIARD'S EMPLOYMENT WITH PURE POWER**

32.     In response to paragraph 32 of the Complaint, Defendants admit the allegations.

33.     In response to paragraph 33 of the Complaint, Defendants admit the allegations.

34.     In response to paragraph 34 of the Complaint, Defendants deny the allegations.

35.     In response to paragraph 35 of the Complaint, Defendants deny the allegations.

36.     In response to paragraph 36 of the Complaint, Defendants deny the allegations.

37.     In response to paragraph 37 of the Complaint, Defendants deny that Fell signed the employment agreement.

38.     In response to paragraph 38 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the contents of the employment agreement.

39.     In response to paragraph 39 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the contents of the employment agreement.

5

40.     In response to paragraph 40 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the contents of the employment agreement.

41.     In response to paragraph 41 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the contents of the employment agreement.

## DEFENDANTS' PLAN TO OPEN A COMPETING BUSINESS

42.     In response to paragraph 42 of the Complaint, Defendants deny the allegations.

43.     In response to paragraph 43 of the Complaint, Defendants deny the allegations.

44.     In response to paragraph 44 of the Complaint, Defendants deny the allegations.

45.     In response to paragraph 45 of the Complaint, Defendants deny the allegations.

46.     In response to paragraph 46 of the Complaint, Defendants deny the allegations, except admit that Defendant Lee and Christine Maddock went running together.

47.     In response to paragraph 47 of the Complaint, Defendants deny the allegations.

48.     In response to paragraph 48 of the Complaint, Defendants deny the allegations.

49.     In response to paragraph 49 of the Complaint, Defendants deny the allegations.

50.     In response to paragraph 50 of the Complaint, Defendants deny the allegations.

51.     In response to paragraph 51 of the Complaint, Defendants deny the allegations.

a)   In response to paragraph 51(a) of the Complaint, Defendants deny the allegations.

b)   In response to paragraph 51(b) of the Complaint, Defendants deny the allegations.

c)   In response to paragraph 51(c) of the Complaint, Defendants deny the allegations.

d)   In response to paragraph 51(d) of the Complaint, Defendants deny the allegations.

e) In response to paragraph 51(e) of the Complaint, Defendants deny the allegations.

f) In response to paragraph 51(f) of the Complaint, Defendants deny the allegations.

g) In response to paragraph 51(g) of the Complaint, Defendants deny the allegations.

h) In response to paragraph 51(h) of the Complaint, Defendants deny the allegations.

52.     In response to paragraph 52 of the Complaint, Defendants deny the allegations.

53.     In response to paragraph 53 of the Complaint, Defendants deny the allegations, except admit that Belliard downloaded an alleged client list from a computer at Pure Power's Manhattan location.

54.     In response to paragraph 54 of the Complaint, Defendants deny the allegations, except admit that Belliard took a copy of his employment agreement with Pure Power from Pure Power's Manhattan location.

55.     In response to paragraph 55 of the Complaint, Defendants deny the allegations.

56.     In response to paragraph 56 of the Complaint, Defendants deny the allegations.

57.     In response to paragraph 57 of the Complaint, Defendants deny the allegations.

58.     In response to paragraph 58 of the Complaint, Defendants deny the allegations.

59.     In response to paragraph 59 of the Complaint, Defendants deny the allegations.

60.     In response to paragraph 60 of the Complaint, Defendants deny the allegations.

61.     In response to paragraph 61 of the Complaint, Defendants deny the allegations.

62.     In response to paragraph 62 of the Complaint, Defendants deny the allegations.

**FIRST CLAIM FOR RELIEF**

**Breach of Contract Against Fell and Belliard**

63.     In response to paragraph 63 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-62.

64.     In response to paragraph 64 of the Complaint, Defendants deny the allegations.

65.     In response to paragraph 65 of the Complaint, Defendants deny the allegations.

      a) In response to paragraph 65(a) of the Complaint, Defendants deny the allegations.

      b) In response to paragraph 65(b) of the Complaint, Defendants deny the allegations.

      c) In response to paragraph 65(c) of the Complaint, Defendants deny the allegations.

      d) In response to paragraph 65(d) of the Complaint, Defendants deny the allegations.

      e) In response to paragraph 65(e) of the Complaint, Defendants deny the allegations.

      f) In response to paragraph 65(f) of the Complaint, Defendants deny the allegations.

66.     In response to paragraph 66 of the Complaint, Defendants deny the allegations.

67.     In response to paragraph 67 of the Complaint, Defendants deny the allegations.

68.     In response to paragraph 68 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

8

## SECOND CLAIM FOR RELIEF

### Breach of the Common Law Duty of Loyalty against Belliard, Fell, Lee and Baynard

69.     In response to paragraph 69 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-68.

70.     In response to paragraph 70 of the Complaint, Defendants deny the allegations as conclusions of law.

71.     In response to paragraph 71 of the Complaint, Defendants deny the allegations.

72.     In response to paragraph 72 of the Complaint, Defendants deny the allegations.

73.     In response to paragraph 73 of the Complaint, Defendants deny the allegations.

74.     In response to paragraph 74 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

## THIRD CLAIM FOR RELIEF

### Unjust Enrichment Against All Defendants

75.     In response to paragraph 75 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-74.

76.     In response to paragraph 76 of the Complaint, Defendants deny the allegations.

77.     In response to paragraph 77 of the Complaint, Defendants deny the allegations.

78.     In response to paragraph 78 of the Complaint, Defendants deny the allegations.

79.     In response to paragraph 79 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition Against All Defendants

80.     In response to paragraph 80 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-79.

81.     In response to paragraph 81 of the Complaint, Defendants deny the allegations.

82.    In response to paragraph 82 of the Complaint, Defendants deny the allegations.

83.    In response to paragraph 83 of the Complaint, Defendants deny the allegations.

84.    In response to paragraph 84 of the Complaint, Defendants deny the allegations as conclusions of law.

85.    In response to paragraph 85 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

### FIFTH CLAIM FOR RELIEF

### Violations of GBL § 360 Against All Defendants

86.    In response to paragraph 86 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-85.

87.    In response to paragraph 87 of the Complaint, Defendants deny the allegations.

88.    In response to paragraph 88 of the Complaint, Defendants deny the allegations.

89.    In response to paragraph 89 of the Complaint, Defendants deny the allegations.

90.    In response to paragraph 90 of the Complaint, Defendants deny the allegations as conclusions of law.

91.    In response to paragraph 91 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

### SIXTH CLAIM FOR RELIEF

### Statutory Trade Dress Infringement

92.    In response to paragraph 92 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-91.

93.    In response to paragraph 93 of the Complaint, Defendants deny the allegations.

94.    In response to paragraph 94 of the Complaint, Defendants deny the allegations as conclusions of law.

95.     In response to paragraph 95 of the Complaint, Defendants deny the allegations as conclusions of law.

96.     In response to paragraph 96 of the Complaint, Defendants deny the allegations as conclusions of law.

97.     In response to paragraph 97 of the Complaint, Defendants deny the allegations.

98.     In response to paragraph 98 of the Complaint, Defendants deny the allegations.

99.     In response to paragraph 99 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

## SEVENTH CLAIM FOR RELIEF

### Copyright Infringement

100.    In response to paragraph 100 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-99.

101.    In response to paragraph 101 of the Complaint, Defendants deny the allegations.

102.    In response to paragraph 102 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the date that Pure Power applied to register the Works with the Register of Copyrights of the United States of America.

103.    In response to paragraph 103 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the date and registration number of the Pure Power Boot Camp Brochure.

104.    In response to paragraph 104 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the date and registration number of the Pure Power Boot Camp Corporate Business Plan.

105.    In response to paragraph 105 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the date and registration number of the Pure Power Boot Camp Start-Up Manual and Operations Manual.

11

106.     In response to paragraph 106 of the Complaint, Defendants deny the allegations.

107.     In response to paragraph 107 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

## EIGHTH CLAIM FOR RELIEF

### Conversion against Belliard and Fell

108.     In response to paragraph 108 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-107.

109.     In response to paragraph 109 of the Complaint, Defendants deny the allegations as conclusions of law.

110.     In response to paragraph 110 of the Complaint, Defendants deny the allegations as conclusions of law.

111.     In response to paragraph 111 of the Complaint, Defendants deny the allegations.

112.     In response to paragraph 112 of the Complaint, Defendants deny the allegations, deny that they violated the law and/or that they harmed Plaintiffs in any way.

## NINTH CLAIM FOR RELIEF

### Defamation Against Lee

113.     In response to paragraph 113 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-112.

114.     In response to paragraph 114 of the Complaint, Defendants deny the allegations, except admit that Defendant Lee and Christine Maddock went running together and spoke with each other.

115.     In response to paragraph 115 of the Complaint, Defendants deny the allegations.

116.     In response to paragraph 116 of the Complaint, Defendants deny the allegations.

117.     In response to paragraph 117 of the Complaint, Defendants deny the allegations.

118.     In response to paragraph 118 of the Complaint, Defendants deny the allegations.

119.    In response to paragraph 119 of the Complaint, Defendants deny the allegations.

120.    In response to paragraph 120 of the Complaint, Defendants deny the allegations, deny that they violated the law and/or that they harmed Plaintiffs in any way.

## TENTH CLAIM FOR RELIEF

### Tortious Interference With Prospective Economic Advantage Against All Defendants

121.    In response to paragraph 121 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-120.

122.    In response to paragraph 122 of the Complaint, Defendants deny the allegations as conclusions of law.

123.    In response to paragraph 123 of the Complaint, Defendants deny the allegations.

124.    In response to paragraph 124 of the Complaint, Defendants deny the allegations.

125.    In response to paragraph 125 of the Complaint, Defendants deny the allegations.

126.    In response to paragraph 126 of the Complaint, Defendants deny the allegations as conclusions of law.

127.    In response to paragraph 127 of the Complaint, Defendants deny the allegations.

128.    In response to paragraph 128 of the Complaint, Defendants deny the allegations, deny that they violated the law and/or that they harmed Plaintiffs in any way.

## ELEVENTH CLAIM FOR RELIEF

### Tortious Interference With Contract Against Lee and Baynard

129.    In response to paragraph 129 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-128.

130.    In response to paragraph 130 of the Complaint, Defendants deny the allegations.

131.    In response to paragraph 131 of the Complaint, Defendants deny the allegations.

132.    In response to paragraph 132 of the Complaint, Defendants deny the allegations.

133.    In response to paragraph 133 of the Complaint, Defendants deny the allegations.

134.    In response to paragraph 134 of the Complaint, Defendants deny the allegations, deny that they violated the law and/or that they harmed Plaintiffs in any way.

## TWELTH CLAIM FOR RELIEF

### Injunctive Relief

135.    In response to paragraph 135 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-134.

136.    In response to paragraph 136 of the Complaint, Defendants deny the allegations.

137.    In response to paragraph 137 of the Complaint, Defendants deny the allegations.

138.    In response to paragraph 138 of the Complaint, Defendants deny the allegations as conclusions of law.

139.    In response to paragraph 139 of the Complaint, Defendants deny the allegations as conclusions of law.

In response to the Paragraphs under "**PRAYER FOR RELIEF**" Defendants deny that Plaintiffs are entitled to the relief requested, or any relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

14

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent that Plaintiffs have or had unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York State Law.

### EIGHTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### NINTH AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case.

### TENTH AFFIRMATIVE DEFENSE

Defendants are not liable for damages, including liquidated damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no injuries as a result of any alleged acts or omissions by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations concerning the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiffs and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions or conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be barred and/or precluded by virtue of their own tortious acts and/or omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

None of the acts, practices, and/or policies of Defendants have caused any injury or damages to the business or property of any Plaintiff.

## COUNTERCLAIMS

Counterclaim Plaintiffs Warrior Fitness Boot Camp LLC, Alexander Kenneth Fell, Ruben Dario Belliard, Jennifer J. Lee and Nancy Baynard (collectively "**Counterclaim Plaintiffs**"), by their attorneys, Fox Rothschild LLP, for their complaint against Counterclaim Defendants, Pure Power Boot Camp, Inc., Pure Power Boot Camp Franchising Corporation, Pure Power Boot Camp Jericho Inc., and Lauren Brenner (collectively "**Counterclaim Defendants**") Elizabeth Lorenzi and Cheryl Dumas (collectively "**Third Party Defendants**"), allege upon knowledge with respect to their own acts and upon information and belief with respect to the acts of others as follows:

## INTRODUCTION

1.      This case arises out of Counterclaim Defendants' and Third Party Defendants' extensive illegal computer hacking and the stealing of Counterclaim Plaintiffs' confidential and privileged e-mails and Counterclaim Defendants' unauthorized usage of Counterclaim Plaintiff Fell and Counterclaim Plaintiff Belliard's images for advertising purposes.  This case also involves Counterclaim Defendants' willful violations of the New York Labor Law in not paying Mr. Fell and Mr. Belliard for all hours worked on the job, and in many instances, not paying Mr. Fell and Mr. Belliard for duties performed outside of teaching classes, when they were employed as "drill instructors" for Counterclaim Defendants.

## JURISDICTION AND VENUE

2.      Pursuant to 15 U.S.C. § 1121(a), this Court has original subject matter jurisdiction over this action as it arises under the Electronic Communications Privacy Act 18 U.S.C. § 2510, *et seq.* and the Stored Communications Act 18 U.S.C. § 2701, *et seq*.  Furthermore, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over all other claims not asserted under the Electronic Communications Privacy Act and the Stored Communications Act.

3.       Counterclaim Defendants and Third Party Defendants are subject to jurisdiction here, because, for among other reasons, they reside in the State of New York and Counterclaim Defendants and Third Party Defendants transact, conduct and solicit business in the State of New York.

4.       Venue is proper pursuant to 28 U.S.C. § 1391(b).

5.       Venue is also proper here because substantial parts of the acts giving rise to the claims here occurred in the State of New York as aforesaid.

## PARTIES

6.       Counterclaim Plaintiff Warrior Fitness Boot Camp LLC ("**Warrior Fitness**") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 29 West 35th Street, 3rd Floor, New York, New York, 10001.

7.       Counterclaim Plaintiff Alexander Kenneth Fell is a citizen of the State of New York, residing in the County and State of New York.

8.       Counterclaim Plaintiff Ruben Dario Belliard is a citizen of the State of New York, residing in the County and State of New York.

9.       Counterclaim Plaintiff Jennifer Lee is a citizen of the State of New York, residing in the County and State of New York.

10.       Counterclaim Plaintiff Nancy Baynard is a citizen of the State of New York, residing in the County and State of New York.  Counterclaim Plaintiffs are referred to herein collectively as ("**Counterclaim Plaintiffs**").

11.       Counterclaim Defendant Pure Power Fitness Boot Camp Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 38 West 21st Street, New York, New York, 10010.

18

12.     Counterclaim Defendant Pure Power Fitness Boot Camp Franchising Corporation is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 38 West 21st Street, New York, New York, 10010.

13.     Counterclaim Defendant Pure Power Fitness Boot Camp Jericho Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 50 S. Service Road, Jericho, New York, 11753.

14.     Counterclaim Defendant Lauren Brenner is a citizen of the State of New York, residing in the County and State of New York.  Brenner is a principal of Pure Power Boot Camp and all of its subsidiaries and affiliated entities.  Counterclaim Defendants are referred to herein collectively as ("**Counterclaim Defendants**").

15.     Third Party Defendant Elizabeth Lorenzi is a citizen of the State of New York, residing in the County and State of New York.  Lorenzi is an employee of Pure Power Boot Camp.  Lorenzi is being sued both individually and in her capacity as an employee of Pure Power Boot Camp.

16.     Third Party Defendant Cheryl Dumas is a citizen of the State of New York, residing in the County and State of New York.  Third-Party Defendants are referred to herein collectively as ("**Third Party Defendants**").

## FACTS COMMON TO ALL CAUSES OF ACTION

### Fell's and Belliard's Employment at Pure Power

17.     Alex Fell, a former United States Marine from 1996-2004, worked for Pure Power Fitness as a "drill instructor" from 2005 until March 16, 2008.

18.     Ruben Belliard, a former United States Marine, worked for Pure Power Fitness as a "drill instructor" from 2004 until March 31, 2008.

19.     During their time as employees of Defendant Pure Power Fitness, Fell and Belliard were not compensated for all hours worked.

19

20.     For example, Fell and Belliard were not compensated for numerous mandatory events that they were required to attend outside of teaching classes at Pure Power.

21.     Fell and Belliard were not paid for time repairing and maintaining parts of the Pure Power obstacle course and the Pure Power facility.

### Counterclaim Defendants' and Third Party Defendants' Violation of the Stored Communications Act and the Electronic Communications Privacy Act

22.     After Mr. Fell and Mr. Belliard stopped working for Counterclaim Defendants, Counterclaim Defendants and Third Party Defendants illegally accessed and hacked into Mr. Fell's personal email accounts, Mr. Fell's Warrior Fitness' corporate email account, and Ms. Lee's corporate "Bold Food" account.

23.     Counterclaim Defendants and Third Party Defendants, without permission or authorization, illegally downloaded, read and printed out approximately 546 emails.

24.     Some of these emails contained privileged attorney-client communications between Counterclaim Plaintiffs and their attorneys, as well as attorney work-product.

25.     Some of these emails were intercepted contemporaneously from when they were being sent and/or received by Counterclaim Plaintiffs.

26.     Counterclaim Defendant Brenner read some of the stolen emails to her friends and clients, and invited people to read the stolen emails in her office.

27.     As a result of these actions, in a decision dated August 22, 2008 and adopted by the United States District Court, Southern District of New York on October 23, 2008, Counterclaim Defendants were found to have violated the Stored Communications Act.

28.     On February 23, 2009, Counterclaim Defendants disclosed that 43 additional emails had been stolen from Counterclaim Plaintiffs' personal and corporate e-mail accounts.

29.     On March 23-24, 2009, Counterclaim Defendants disclosed that 454 additional emails had been stolen from Counterclaim Plaintiffs' personal and corporate email accounts.

30.     To date, Counterclaim Defendants have acknowledged stealing and reading approximately 546 emails stolen from Counterclaim Plaintiffs' personal and corporate email accounts.

31.     The Court's decision on August 22, 2008 is the law of the case on this matter, and Counterclaim Defendants are collaterally estopped from challenging this decision.

32.     Counterclaim Defendants' and Third Party Defendants' actions violated the Stored Communications Act every time they accessed one of Counterclaim Plaintiffs' emails accounts and every time they viewed one of Counterclaim Plaintiffs' emails without authorization or permission.

33.     Counterclaim Defendants' and Third Party Defendants' actions violated the Electronic Communications Privacy Act every time they accessed and contemporaneously intercepted emails being sent from, or received by, one of Counterclaim Plaintiffs' email accounts.

### Counterclaim Defendants' Attempts to Sabotage Counterclaim Plaintiffs' Business

34.     In a clear attempt to sabotage Counterclaim Plaintiffs' business, Counterclaim Defendant Lauren Brenner has had Pure Power clients post negative reviews of Warrior online in an attempt to drive away potential customers.

35.     Counterclaim Defendant Brenner has publicly disparaged Counterclaim Plaintiffs in front of current Pure Power clients.

36.     Counterclaim Defendant Brenner has disparaged Counterclaim Plaintiffs to potential clients calling for information on Pure Power's programs.

37.     Counterclaim Defendant Brenner has had other Pure Power employees disparage Counterclaim Plaintiffs to Pure Power clients.

38.     On September 10, 2008, Counterclaim Defendants launched an invasive promotion directly outside of the Warrior facility.

21

39.     The promotion for Pure Power featured a replica helicopter and a fighter jet cockpit.

40.     The promotion, which lasted several hours outside of the Warrior facility, also included Counterclaim Defendant Lauren Brenner advertising Pure Power and disparaging Warrior through a megaphone.

41.     Counterclaim Defendants also scattered Pure Power brochures directly in front of the entrance to the Warrior facility.

42.     This promotion was designed for the sole purpose of harassing Warrior clientele on their way to the facility.

### Counterclaim Defendants Use Plaintiffs Fell's and Belliard's Images Without Authorization

43.     As part of an advertising campaign for Counterclaim Defendants' Pure Power facilities, Counterclaim Defendants used promotional materials that contained the images of Plaintiffs' Fell and Belliard.

44.     These images were featured on advertisements placed on the sides New York City busses starting in June or July 2008.

45.     These images were featured on marketing brochures for Counterclaim Defendants.

46.     These images were used on the windows of Counterclaim Defendants' Manhattan facility.

47.     These images were used by Counterclaim Defendants on various websites marketing Counterclaim Defendants' business.

48.     These images were used when Mr. Fell and Mr. Belliard were no longer employed as drill instructors at Pure Power.

49.     Counterclaim Defendants never sought nor received permission from Mr. Fell and/or Mr. Belliard to use their images in these advertisements.

## FIRST CLAIM FOR RELIEF
### (Violations of the New York Labor Law Against All Counterclaim Defendants)

50.     Counterclaim Plaintiffs repeat and reallege the allegations 1 through 49 inclusive as if fully set forth herein.

51.     Counterclaim Defendants failed to compensate Plaintiffs Fell and Belliard for all time worked while employed at Pure Power.

52.     Counterclaim Defendants forced Fell and Belliard to work off the clock for many hours spent outside of teaching classes at Pure Power, but still performing mandatory work-related duties on behalf of Counterclaim Defendants.

53.     Counterclaim Defendants were obligated to pay Plaintiffs Fell and Belliard for all hours worked, not just for hours spent teaching classes.

54.     Counterclaim Plaintiffs are entitled to recover an award of damages in an amount to be determined at trial, plus interest, but in no event less than $100,000.00.

## SECOND CLAIM FOR RELIEF
### (Violation of the Stored Communications Act, 18 U.S.C. § 2701 *et. seq.,* Against All Counterclaim Defendants and Third Party Defendants)

55.     Counterclaim Plaintiffs repeat and reallege the allegations 1 through 54 inclusive as if fully set forth herein.

56.     Without permission or authorization, Counterclaim Defendants and Third Party Defendants stole Counterclaim Plaintiffs Fell's and Belliard's personal and corporate email account passwords.

57.     Counterclaim Defendants and Third Party Defendants used these passwords to access their personal and corporate email accounts and to illegally download and print out emails.

23

58.      The emails that were stolen by Counterclaim Defendants and Third Party Defendants were electronically stored on Mr. Fell's Hotmail account, Mr. Fell's Gmail account, Mr. Fell's Warrior Fitness corporate email account and Ms. Lee's corporate Bold Food email account.

59.      As a result of their actions, Counterclaim Defendants were found to have violated the Stored Communications Act in a decision dated August 22, 2008 and adopted by the Court on October 23, 2008.

60.      Counterclaim Defendant Brenner later admitted to having accessed hundreds of additional emails from Counterclaim Plaintiffs' accounts without permission or authorization.

61.      Each email accessed by Counterclaim Defendants and Third Party Defendants from Counterclaim Plaintiffs' email accounts constitutes a separate violation of the Stored Communications Act.

62.      Counterclaim Plaintiffs are entitled to compensatory damages in the amount of no less than $546,000.00 representing $1,000.00 for each of the 546 emails stolen from Counterclaim Plaintiffs' accounts; $10,000,000.00 in punitive damages for the foregoing wrongful, intentional, and malicious acts, and attorney's fees in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et. seq.*, Against All Counterclaim Defendants and Third Party Defendants)**

63.      Counterclaim Plaintiffs repeat and reallege the allegations 1 through 62 inclusive as if fully set forth herein.

64.      Without permission or authorization, Counterclaim Defendants and Third Party Defendants stole Counterclaim Plaintiffs Fell's and Belliard's personal and corporate email account passwords.

65.     Counterclaim Defendants and Third Party Defendants endeavored to intercept and intentionally intercepted emails being sent to and from Counterclaim Plaintiffs' email accounts during court hearings held in this case on May 6, 2008.

66.     The foregoing emails were intercepted contemporaneously as they were being sent and received from Counterclaim Plaintiffs' email accounts.

67.     Counterclaim Plaintiffs are entitled to compensatory damages in the amount of no less than $100,000.00; $10,000,000.00 in punitive damages for the foregoing wrongful, intentional, and malicious acts, and attorney's fees in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### (Unauthorized Use of Imagery - Violation of N.Y. Civil Rights Law §§ 50-51 Against All Counterclaim Defendants)

68.     Counterclaim Plaintiffs repeat and reallege the allegations 1 through 67 inclusive as if fully set forth herein.

69.     Counterclaim Defendants have used, and continue to use the images of Alex Fell and Ruben Belliard on Pure Power advertisements.

70.     Counterclaim Defendants have never asked for, nor received permission from Fell or Belliard to use their likenesses on these advertisements.

71.     Counterclaim Defendants have continued to use the images of Fell and Belliard after they were no longer employed by Counterclaim Defendants.

72.     Counterclaim Defendants have retained the benefits of these advertisements without compensating Fell and Belliard for use of their likenesses.

73.     Counterclaim Plaintiffs are entitled to recover an award of damages in an amount to be determined at trial, plus interest, but in no event less than $500,000.00 and $5,000,000.00 in punitive damages.

25

WHEREFORE, Counterclaim Plaintiffs request that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

WHEREFORE, Counterclaim Plaintiffs pray for judgment as follows:

A.    That Counterclaim Defendants take nothing by their Complaint;

B.    That Counterclaim Defendants' Complaint be dismissed with prejudice, together with the costs and disbursements of this action; and

C.    All compensatory damages to which Counterclaim Plaintiffs are entitled, but in an amount of no less than $1,000,000.00, plus interest;

D.    An Order requiring Counterclaim Defendants and Third Party Defendants to pay Counterclaim Plaintiffs punitive damages in an amount as yet undetermined caused by the above-mentioned acts of Counterclaim Defendants but in an amount of no less than $20,000,000.00, plus interest;

E.    An Order requiring Counterclaim Defendants to pay Counterclaim Plaintiffs' costs, including costs of the forensic investigation, and attorney's fees in this action; and

F.    Other relief as the Court may deem appropriate.

Dated:   New York, New York
        July 29, 2009

FOX ROTHSCHILD LLP
*Attorneys for Defendants*

By:    Carolyn D. Richmond
       Daniel A. Schnapp
       100 Park Avenue, Suite 1500
       New York, New York 10017
       (212) 878-7900