UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
PURE POWER BOOT CAMP, INC.,                 :
PURE POWER BOOT CAMP FRANCHISING      :
CORPORATION, PURE POWER BOOT CAMP  :
JERICHO, INC., and LAUREN BRENNER,         :      08 CV 4810 (JGK)(THK)
          Plaintiffs,                  :      ECF CASE
        -against-                   :
WARRIOR FITNESS BOOT CAMP, LLC,            :
ALEXANDER KENNETH FELL, RUBEN          :
DARIO BELLIARD, JENNIFER J. LEE, and         :
NANCY BAYNARD,                                         :
         Defendants.                  :
------------------------------------------------------------- x
WARRIOR FITNESS BOOT CAMP, LLC,            :
ALEXANDER KENNETH FELL a/k/a ALEX        :
FELL, Individually, RUBEN DARIO BELLIARD, :
a/k/a RUBEN BELLIARD, Individually,              :
JENNIFER J. LEE, Individually, and NANCY       :
BAYNARD, Individually,                                  :
         Counterclaim and Third Party      :
         Plaintiffs,                  :
                              :
        -against-                   :
                              :
PURE POWER BOOT CAMP, INC., PURE          :
POWER BOOT CAMP FRANCHISING              :
CORPORATION, PURE POWER BOOT CAMP  :
JERICHO, INC., and LAUREN BRENNER,        :
         Counterclaim Defendants,        :
      -and-                      :
ELIZABETH LORENZI and CHERYL DUMAS, :
         Third Party Defendants.        :
------------------------------------------------------------- x


**COUNTERCLAIM DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COUNTERCLAIM PLAINTIFFS' CLAIMS UNDER THE
STORED COMMUNICATIONS ACT AND ELECTRONIC COMMUNICATIONS
PRIVACY ACT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 2

FACTUAL BACKGROUND ............................................................................ 3

    Defendants' SCA Claim Must Fail ............................................................ 3

    Defendants' ECPA Claim Must Fail ........................................................ 9

ARGUMENT ................................................................................................... 9

I.      SUMMARY JUDGMENT STANDARD ........................................... 9

II.    DEFENDANTS' ECPA CLAIM MUST BE DISMISSED ..................... 10

III.   DEFENDANTS' SCA CLAIM MUST BE DISMISSED ....................... 9

    A. Defendant Cannot Establish Any Damages ........................................ 12

    B. Defendants Are Not Entitled to Punitive Damages ............................. 15

    C. Defendants Are Not Entitled to Attorneys' Fees ................................ 18

IV.   ANY ALLEGED SCA VIOLATIONS WERE ON A PER
       ACCOUNT ACCESS BASIS OR PER DAY BASIS AND NOT ON
       A PER E-MAIL BASIS ...................................................................... 18

V.    DAMAGES FOR ANY ALLEGED ECPA VIOLATION WOULD
       BE LIMITED TO EITHER $0 OR $10,000 ........................................ 21

CONCLUSION .............................................................................................. 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
                      :

PURE POWER BOOT CAMP, INC.,         :
PURE POWER BOOT CAMP FRANCHISING  :
CORPORATION, PURE POWER BOOT CAMP  :    08 CV 4810 (JGK)(THK)
JERICHO, INC., and LAUREN BRENNER,   :    ECF CASE
                      :

        Plaintiffs,            :

          -against-        :

WARRIOR FITNESS BOOT CAMP, LLC,   :
ALEXANDER KENNETH FELL, RUBEN   :
DARIO BELLIARD, JENNIFER J. LEE, and  :
NANCY BAYNARD,             :
                      :

        Defendants.          :
--------------------------------------------------------- x
WARRIOR FITNESS BOOT CAMP, LLC,   :
ALEXANDER KENNETH FELL a/k/a ALEX  :
FELL, Individually, RUBEN DARIO BELLIARD,:
a/k/a RUBEN BELLIARD, Individually,   :
JENNIFER J. LEE, Individually, and NANCY :
BAYNARD, Individually,         :
                      :

      Counterclaim and Third Party  :
      Plaintiffs,           :

         -against-        :

PURE POWER BOOT CAMP, INC., PURE   :
POWER BOOT CAMP FRANCHISING    :
CORPORATION, PURE POWER BOOT CAMP  :
JERICHO, INC., and LAUREN BRENNER,   :
                      :

      Counterclaim Defendants,   :

         -and-         :

ELIZABETH LORENZI and CHERYL DUMAS, :
                      :

      Third Party Defendants.   :
--------------------------------------------------------- x

**COUNTERCLAIM DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COUNTERCLAIM PLAINTIFFS' CLAIMS UNDER THE
STORED COMMUNICATIONS ACT AND ELECTRONIC COMMUNICATIONS
PRIVACY ACT**

Counterclaim Defendants Pure Power Boot Camp, Inc. ("Pure Power"), Pure

Power Boot Camp Franchising Corporation, Pure Power Boot Camp Jericho, Inc. and

Lauren Brenner ("Brenner" and together with Pure Power, Pure Power Boot Camp

Franchising Corporation, Pure Power Boot Camp Jericho, Inc. "Plaintiffs"), by their

attorneys Reiss Eisenpress & Sheppe LLP, hereby submit the following memorandum of

law in support of their motion for summary judgment on Counterclaim Plaintiffs' Warrior

Fitness Boot Camp, LLC ("Warrior"), Alexander Kenneth Fell ("Fell"), Ruben Dario

Belliard ("Belliard"), Jennifer J. Lee ("Lee") and Nancy Baynard ("Baynard", and

together with Warrior, Fell, Belliard and Lee "Defendants") claims under the Stored

Communications Act, 18 U.S.C. §2701, *et. seq.* and the Electronic Communications

Privacy Act, 18 U.S.C. 2510, *et. seq.*

## PRELIMINARY STATEMENT

Defendants' claim under the Stored Communications Act ("SCA") must fail

because Defendants are not entitled to an award of damages for their claim. Defendants

have conceded that they suffered no actual damages and although the SCA provides for

statutory damages, they are only available if there are actual damages. With no actual or

statutory damages available to them, Defendants cannot recover under their SCA claim

and so it should be dismissed.

Defendants claims under the Electronic Communications Privacy Act ("ECPA")

must fail because the law of this case – set forth in this Court's August 22, 2008 Report

and Recommendation (the "August 22 Order") *Attached as Exhibit ("Ex.") E to the*

*September 24, 2010 Declaration of Matthew Sheppe ("Sheppe Decl.")*-- is that because Defendants' emails were not intercepted contemporaneously with their being sent, there is no claim under the ECPA.

Accordingly, as a matter of law, Defendants SCA and ECPA claims should be dismissed

## FACTUAL BACKGROUND

### Defendants' SCA Claim Must Fail

The Defendants have repeatedly stated that their damages under their SCA claim are limited to statutory damages only and that they have no actual damages.   <u>First</u>, Paragraph 62 of Defendants' SCA counterclaim does not allege any actual damages, just statutory damages, alleging in pertinent part:

> [Defendants] are entitled to compensatory damages in the amount of no less than $546,000.00 representing $1,000.00 for each of the 546 emails stolen from [Defendants'] accounts. *(Sheppe Decl. Ex. A).*

<u>Second</u>, Defendants' counsel represented to this Court – and Plaintiffs have relied on this representation -- that Defendants' SCA and ECPA damages claims were limited to statutory damages.  During the continued deposition of Alex Fell on August 26, 2009, Plaintiffs' counsel inquired of Mr. Fell as to damages he suffered as a result of Plaintiffs' alleged violations of the SCA and ECPA. *August 26, 2009 Deposition Transcript of Alex Fell ("Fell Dep.") p. 262:25-265:1 (Sheppe Decl. Ex. C)*.  Mr. Fell declined to answer Plaintiffs' counsel's question claiming such information was privileged and the parties sought the Court's intervention to resolve this issue. *Id.*  The following exchange took place during this conversation with the Court:

MS. BARNES:        Let me ask Mr. Schnapp one follow-up question.

3

| | |
|---|---|
| MR. SCHNAPP: | Sure. |
| MS. BARNES: | Are you claiming statutory or personal damages?  I can't remember. |
| MR. SCHNAPP: | We're claiming statutory damages.  Paragraph 62 of our counterclaim says an amount of $546,000, representing 1,000 or each of 545 e-mails that were stolen from [defendants'] e-mail accounts, and another 10 million in punitive damages. |
| MS. BARNES: | Hold on. |
| … | |
| MS. BARNES: | The judge just wanted to me to inform the parties that because the issue has to do with statutory damages the deponent doesn't have any personal information to convey; and so he, the judge, would like the deponent not to have to answer the question. |

*Fell Dep. pp. 267:24-268:21(Sheppe Decl. Ex. C)*

Plaintiffs' counsel immediately made sure to confirm that this was Defendants' position.

| | |
|---|---|
| MS. EISENPRESS: | So let me just be clear.  Is this because they've limited their claim to statutory damages? |
| MS. BARNES: | I'm sorry.  Can you repeat that, Ms. Eisenpress? |
| MS. EISENPRESS: | Sure.  I just want to be clear, because my main point in this was if they're limiting their claim to statutory damages I actually don't care what the answer to the question is -- well, actually that's not true.  Let me back up a minute. The law on this subject is that if you have no actual damages -- I believe the law is if you have no actual damages you're not entitled to statutory damages.  And there's a significant      amount of case law that supports that.  And so if they're claiming that they have no actual damages, then that's fine.  Then we can make our legal arguments flowing from that.  But if they claim that they have actual damages, I think we're entitled to discover what that is. |
| MS. BARNES: | Mr. Schnapp, are you only claiming statutory damages? |

MR. SCHNAPP: Well, my counterclaim only claims statutory damages.  I read it to you verbatim.

MS. BARNES: Right.

MR. SCHNAPP: So I don't see anything in here that's personal damages, per se.  I think to the extent that we're seeking -- I don't see anything in here about that so -- and I'm not sure I understand your point, actually.

MS. BARNES: So, Ms. Eisenpress, given that he's indicating that there are only statutory damages on that issue, it appears that you don't need to ask the deponent further questions on this issue, right?

MS. EISENPRESS: Okay.  If they're saying that there are no actual damages, then I'm fine with that.

MS. BARNES: So, great.  Can you proceed?

MR. SCHNAPP: Yes.  Thank you.

MS. EISENPRESS: Thank you.

*Fell Dep. Tr. 268:22-270:24 (Sheppe Decl. Ex. C).*

Not only did Defendants argue that they were not seeking actual damages, but Plaintiff explained exactly why the issue was critical to Defendants' SCA claim – that without actual damages, there can be no recovery of statutory damages – and Defendants maintained their position that there were no actual damages.  Defendants cannot reverse course now.

Subsequently realizing their strategic error, Defendants tried to re-write history on this issue before Judge Koeltl when he questioned Defendants on what actual damages they had suffered under their SCA claim:

MR. SCHNAPP: Lastly, I just want to raise the counterclaim that we received (inaudible).  We intend to show that whether it's (inaudible) case or based upon the record that was developed during discovery, that the plaintiffs had, in

5

|                  |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              |
|------------------|--------------|
| THE COURT:       | fact, accessed approximately 546 of the defendants' emails.                                                                                                                                                                                                                                                                                                                                                                                                                                                                  |
| THE COURT:       | What are your damages?                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| MR. SCHNAPP:     | Well, I don't know why Miss Eisenpress says we don't have actual damages. What I think I've said in the past was that on the motion for summary judgment we can show that we're entitled to statutory damages and reasonable attorney's fees. So my understanding is that the statute provides for a statutory amount of $500 to $1,000 for each and every violation of the Act. In this case we can then (inaudible) 546 emails were taken, and, therefore, we can assess statutory damages. We can also show to the court via motion what attorney's fees are. |
| THE COURT:       | Do you have any actual damages?                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
| MR. SCHNAPP:     | Yes, we do, Your Honor. We do have actual damages.                                                                                                                                                                                                                                                                                                                                                                                                                                                                          |
| THE COURT:       | What are they?                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              |
| MR. SCHNAPP:     | Some of the damages result from the fact that certain emails were private emails or private communications that Miss Lee had, for example, that involves her personal family matters. I believe that there is a level of invasion of privacy which would give us a right to actual damages.                                                                                                                                                                                                                                    |
| THE COURT:       | What are the damages?                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
| MR. SCHNAPP:     | The exact amount?                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                           |
| THE COURT:       | Yeah, what are –                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| MR. SCHNAPP:     | At this moment I don't know.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |

*April 15, 2010 Conference before Judge Koeltl, p. 10-11 (Sheppe Decl. Ex. D).* Then,

later, Defendants' counsel again attempted to mislead the Court when in response to an

argument held in front of Judge Koetel by telephone, counsel denied having ever told the

Court that Defendants' SCA claim was limited to statutory damages in order to forestall a

series of deposition questions on damages. Specifically, despite counsel's explicit

representations to the Court during the Fell deposition as described above, the following

questions and answers were exchanged in front of Judge Koeltl:

> THE COURT: This is Judge Koeltl. I have you on the speaker phone. I have a
> court reporter. I am here with my staff. So we are keeping a transcript. I got
> Judge Conboy's letter indicating that the settlement discussions were
> unsuccessful, although the parties and their counsel had proceeded in good faith
> in an effort to resolve the case. So the next step is, as far as I know, to set the case
> down for joint pretrial order and trial, right?
>
> MS. EISENPRESS: Yes, Judge. This is Sherri Eisenpress. We had spoken at the
> last conference before your Honor about a couple of motions on some legal
> issues.
>
> THE COURT: Right.
>
> MS. EISENPRESS: The Stored Communications Act and Electronic
> Communications Privacy Act, damages issue, as well as the blue-penciling of the
> agreement, and I think Mr. Schnapp also raised a fiduciary duty issue vis-a-vis
> non-employees.
>
> THE COURT: Right. I know that. And, yes, you did    raise them. I am here to
> provide a public service, and you have a right to make motions, and if you in good
> faith believe that there are motions to be made, you have every right to make
> them. Why don't we just go over them briefly one by one so that I hear from each
> of you whether these really are motions as to which there are no material issues of
> fact because it would be a waste of time for you to make motions just for the sake
> of making motions. If there are material issues of fact, I can't decide the motions,
> jury has to decide them, so be it. Why don't we take them in order. Ms.
> Eisenpress, do you want to go first?
>
> MS. EISENPRESS: Sure. The Stored Communications Act and Electronic
> Communications Privacy Act issue is related to damages with the question being
> whether in the absence of actual damages, which I think we've established here,
> whether you can get statutory damages.
>
> THE COURT: OK. So there is no dispute that there are no actual damages, is
> that right?
>
> MR. SCHNAPP: Your Honor, Dan Schnapp for the defendants. I don't think that
> is correct. I do think there is a dispute as to whether or not there are actual
> damages.

MS. EISENPRESS:  There is no evidence in the record at all, your Honor of actual damages.  In fact, during the deposition a representation was made specifically to Magistrate Katz that in fact there were no actual damages, and I think in the context of this case, that makes perfect sense.  This isn't a case where someone hacked into someone's computer to use the items recovered for commercial purposes or for any financial gain or for any purpose other than to uncover the fact that the business was being stolen out from under the client, and there actually is a question as to whether Lauren Brenner was involved in that as all.  But putting that aside as a liability matter, the issue still remains that there is absolutely no evidence of actual damages.  So I am not sure how Mr. Schnapp is contending a factual dispute.

MR. SCHNAPP:  Your Honor, I respectfully disagree with that. For one thing

…

MR. SCHNAPP:  For one thing, there is evidence in this record that the number of emails that were stolen contained highly private and sensitive information.  I do think that there is evidence in the record that those emails were taken for financial gain on behalf of the plaintiffs. With respect to a statement made to Judge Katz, although I know which deposition Ms. Eisenpress is referring to, I don't believe any statement was made that we were in any way not going to be pursuing actual damages. So I would like to see at the least -- there has been plenty of opportunity to produce something reflecting that that statement was made.  I don't believe that statement was made, nor do I think it could have been made. So it sounds like we do have some factual issues there with respect to actual damages, but perhaps the issue to be determined in the event that we are unable to prove actual damages, whether or not nonetheless statutory damages are appropriate.

MS. EISENPRESS:  I would just say that at the last conference before your Honor, I believe you asked Mr. Schnapp to articulate what those actual damages were, and he was unable to do so.  I don't think that there is any -- again, not to beat a dead horse, but I don't think there is a single shred of evidence in the record demonstrating any damage or any use of the emails other than in connection with this litigation.

THE COURT:  OK.  I will try and be of assistance to all of you in the sense of if there are motions that can be decided, to deciding them the parties seem to agree that there is at least one issue of law on that motion, which is, if the defendants were unable to establish actual damages, are they nevertheless entitled to statutory damages. There is also an issue, plainly, as to are there actual damages, and, if so, what are those actual damages.  If there is no evidence of actual damages, then I can enter an appropriate order for partial summary on the grounds that there is no evidence of actual damages.  So the defendants would have to come forward with the evidence of actual damages, and it has to be more than simply speculation.  So we will see.

8

*July 27, 2010 Telephone Conference before Judge Koeltl, pp. 2-6 (Sheppe Decl. Ex. L)*.

Of course, as noted above, the record makes clear that -- and contrary to Defendants' counsel's statements to Judge Koeltl where he denied making these representations during the deposition -- Defendants never alleged any actual damages and waived any right to seek actual damages.

Moreover, logically, there is no way Defendants could have suffered actual damages under their SCA claims as the emails that were reviewed – which proved Defendants' improper acts -- were only used by Plaintiffs to protect their business interests. Because Defendants cannot show actual damages and cannot recover statutory damages without showing actual damages, their SCA claim must fail.

Defendants' ECPA Claim Must Fail

This Court ruled in its August 22, 2008 Report and Recommendation that Defendants claim under the ECPA must fail because the emails Plaintiffs reviewed were not intercepted contemporaneously with their transmission. *August 22 Order pp. 13-17 (Sheppe Decl. Ex. E)*. As the law of the case, and no clear error, intervening change in the law or newly discovered evidence that Defendants can present here, Defendants ECPA claim should also be dismissed.

**ARGUMENT**

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment must be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law.  *Fed.R.Civ.P. 56(c)*.   Summary judgment, according to the

Second Circuit, "...is a tool to winnow out from the trial calendar those cases whose facts

predestine them to result in a directed verdict." *United National Ins. Co. v. The Tunnel,*

*Inc.*, 988 F.2d 351, 355 (2d Cir. 1993).   Once the moving party meets its initial burden

that there are no material facts in dispute, the opposition "must do more than simply show

that there is some metaphysical doubt as to the material facts...the nonmoving party must

come forward with 'specific facts showing that there is a genuine issue for trial.'"

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct.

1348, 89 L.Ed.2d 538 (1986).   The mere existence of a factual dispute does not preclude

summary judgment when the dispute is not genuine or the fact is immaterial.  *Echelon*

*Int'l Corp. V. America West Airlines, Inc.*, 85 F.Supp.2d 313, 315 (S.D.N.Y. 2000).   A

fact is immaterial if "...the outcome of the case remains the same regardless of the

disputed issue." *Id.*, *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).   "Mere

conclusory allegations, speculation, or conjecture will not avail a party resisting summary

judgment." *See Kulak v. City of New York*, 88 F.3d 63, 70 (2d. Cir. 1996).   Moreover,

Defendants cannot survive this motion just by introducing some evidence in support of

their claims, rather it must be enough evidence that a jury could find for Defendants on

their claims.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 106S.Ct. 2505, 91 L.Ed.2d

202 (1986).

## II.    DEFENDANTS' ECPA CLAIM MUST BE DISMISSED

As noted above, in the August 22 Order, this Court concluded that "...Brenner did

not access and print Fell's e-mails contemporaneous with their transmission.  See Fraser,

352 F.3d at 113-14.  Therefore, the Court concludes that Brenner did not violate the

ECPA." *August 22 Order p. 17   (Sheppe Decl. Ex. E)*. "Under the doctrine of law-of-the-case, once a court has decided upon a rule of law, that decision should continue to govern the same issues through subsequent states of the same case." *Simoiu v. U.S Marshals Service*, 2005 WL 292749,*3 (*citing Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1998)).

"Although law-of-the-case is a discretionary practice, 'as a rule courts should be loathe to (revisit prior decisions of its own or of a coordinate court) in the absence of extraordinary circumstances….'" *Simoiu*, 2005 WL 292749, *3 (*citing Christianson*, 486 U.S. at 817). Grounds for not abiding by the law-of-the-case doctrine are 1) an intervening change in law; 2) availability of new evidence[1]; and 3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, LTD v. National Mediation Bf.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Indeed, the Court distinguished the facts as alleged in this case from those in *Hall v. Earthlink Network, Inc.*, 396 F.3d 500, 503, n.1 (2d. Cir. 2005) and noted that even if Defendants' allegations were true, the emails would have been viewed after they had been delivered to Fell and so could not have been contemporaneously intercepted communications, but instead constituted previously stored communications and thus subject to the SCA, not the ECPA. *August 22 Order, pp. 10-11, 16-17 (Sheppe Decl. Ex. E)*.

Since the August 22 Order, 1) there has been no intervening change in the law on whether an interception under the ECPA must occur contemporaneously with the transmission – it still must; 2) there has been no new evidence concerning these emails

---

[1] Although Defendants will no doubt attempt to rely on some very muddled and inconclusive testimony that was elicited from Lauren Brenner, a full reading of that testimony provides no evidence that any of the Buterman communications which form the basis of Defendants' ECPA claim – which communications were made on a single day within a very short time period -- were being simultaneously intercepted and so such communications would not be subject to the ECPA.

that would even suggest that these emails were intercepted contemporaneously with their transmission; and 3) there was no clear error or manifest injustice in the August 22 Order concerning its decision on the ECPA; indeed had there been one, one would have thought that Defendants would have contested it before Judge Koeltl, but they did not.

Given the above, the law-of-the-case is that Plaintiffs did not violate the ECPA and as such, Defendants ECPA claim should be dismissed. *Simoui*, 2005 WL 292749, at *3.

## III. DEFENDANTS' SCA CLAIM MUST BE DISMISSED

### A. Defendant Cannot Establish Any Damages

Without any actual damages, Defendants are not entitled to statutory damages under the SCA. *Van Alstyne v. Electronic Scriptorium Ltd.*, 560 F.3d 199, 204-06 (4th Cir. 2009). In *Van Alstyne*, the only Circuit Court case to address the issue of whether or not one can recover statutory damages under the SCA if there are no actual damages, while Van Alstyne worked for Electronic Scriptorium Limited ("ESL"), she accessed her password protected AOL account from her work computer. *Id. at 202*. Van Alstyne was fired and subsequently sued ESL for sexual harassment among other claims. *Id.* During her deposition in her sexual harassment suit, ESL's lawyer confronted Van Alstyne with several of her improperly accessed emails, which led to Van Alstyne amending her complaint to assert claims under the SCA. *Id.* Initially, ESL's president claimed he only accessed her AOL account on a few occasions. *Id.* Subsequently, it was determined that ESL's president had actually accessed her personal AOL account countless times over approximately a one year time period after Van Alstyne stopped working for ESL. *Id. at 201-02*. After trial, Van Alstyne was awarded compensatory damages which consisted

solely of statutory damages. Defendants appealed and the Fourth Circuit reversed and remanded holding that statutory damages under the SCA were only recoverable if there were actual damages. *Id. at 205.*

In holding that statutory damages were only recoverable if there were actual damages, the Fourth Circuit followed the Supreme Court's analysis of the Privacy Act in *Doe v. Chao*, 540 U.S. 614, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004) where the Supreme Court was faced with the same question – whether statutory damages under the Privacy Act were recoverable when there were no actual damages – and held that statutory damages were not recoverable under the Privacy Act without actual damages.

In reaching the same conclusion under the SCA, the *Van Alstyne* court first noted the similarity of the two damages provisions:

> The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000. *Stored Communications Act, 18 U.S.C.A. § 2707(c).*

The Privacy Act, *5 U.S.C.A. § 552a(g)(4)(A)*, provides in pertinent part:

> …actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000.

The *Van Alstyne* Court noted the minimal differences between the two provisions; the use of the word "damages <u>suffered</u>" in the SCA compared to "damages <u>sustained</u>" in the Privacy Act and that the SCA also provided recovery for any profits made by the violators. *Id.* Given the almost identical language it the two statutes and result reached by the Supreme Court in *Doe*, the Fourth Circuit held that under the SCA, there must be actual damages before one can recover statutory damages. *Id. at 205.*

The Fourth Circuit then noted the other district courts that had addressed this issue and found you could have statutory damages without actual damages and dismissed their analyses as flawed. *See In re Hawaiian Airlines, Inc.*, 355 B.R. 225, 231 (D. Haw. 2006)(which did not apply the Supreme Court's analysis in *Doe* and allowed statutory damages even in absence of actual damages); *Freedman v. Town of Fairfield*, 2006 WL 2684347, *3 (D. Conn. 2006)(which relied on both the dissent in *Doe* and fact that majority in *Doe* did not reach its holding based on the language and legislative history of the SCA to find that statutory damages under the SCA were available even in absence of actual damages); *Cedar Hill Assocs. v. Paget*, 2005 WL 3430562, at *3 (N.D.Ill. 2005)(which noted similarity between SCA and Privacy Act damages provisions, but, based on legislative history of SCA, allowed statutory damages even in absence of actual damages).

<u>First</u>, as noted, the *Van Alstyne* Court did think following the Supreme Court's analysis in *Doe* -- a straightforward textual analysis – was appropriate, thus distinguishing the courts analyses in *Hawaiian Airlines* and *Cedar Hill*. *Van Alstyne*, at 208.

<u>Second</u>, in distinguishing *Cedar Hill and Freedman's* reliance on the SCA's legislative history to find that statutory damages were allowed absent actual damages, the *Van Alstyne* Court noted that 1) had Congress intended to provide for statutory damages in the absence of actual damages it could easily have provided for such, either in the SCA or even in its comments to the SCA, as it had done in its comments to the Wiretap Act, 18 U.S.C.A. § 2520, when it provided for damages "…whichever is the greater of (A) the sum of plaintiff's actual damages and any profits the violator made as a result of the

14

violation; or (B) statutory damages of whichever is the greater of $100 a day or $10,000." *Id. at 207.* The fact that Congress did not use such language in the SCA or in it comments to the SCA was indicative of the fact that it did not intend for there to be statutory damages without actual damages; and 2) the SCA's legislative history on this issue was far from illuminating as it was one sentence which stated "damages under the section [2707(c)] include[e] the sum of actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation as provided in (c) with minimum statutory damages of $1,000". *Id. at 207.* The *Van Alstyne* Court found that such language could not be found to establish that Congress intended to provide for statutory damages without actual damages. *Id. at 207.*

Third, the *Van Alstyne* Court also dismissed the argument that because the dissent in *Doe* stated that the SCA allows for statutory damages in the absence of actual damages such damages were allowed, noting that the *Doe* majority's refusal to disagree with the dissent was not indicative that the dissent was authority on which courts should rely, thus further distinguishing *Freedman. Id. at 208.*

### B. Defendants Are Not Entitled to Punitive Damages

Although the Court might technically be allowed under the SCA to award Defendants punitive damages even though their SCA claim was unsuccessful, as a matter of law, such damages are unwarranted here. 18 U.S.C. § 2707(c) provides that "If the violation [of the SCA] is willful or intentional, the court may assess punitive damages." In general, punitive damages are typically awarded to "...punish the defendant and deter him and others from similar conduct in the future." *Vasbinder v. Scott*, 976 F.2d 118, 121 (2d. Cir. 1992). Here, Plaintiffs have already been sanctioned for their conduct

pursuant to the August 22 Order and given Defendants conduct here, not only their conduct which resulted in this case, but also their conduct after the case was filed – their admittedly perjurious affidavits submitted to the Court which only came to light because of Plaintiffs' discovery of these emails -- there is no basis for punitive damages. Moreover, when the Court considers Plaintiffs' purpose in allegedly violating the SCA, which it did in the August 22 Order, was to:

> …unearth evidence of her disloyal employees' betrayal, after having reason to believe they had stolen important business documents and plan, and after they had opened up a competing business after leaving PPBC. This is particularly true in light of Belliard's decision to invade her office, shred his non-compete agreement, and take other actions which caused Brenner to believe that he stole PPBC's client list, including e-mail addresses and telephone numbers. *August 22 Order p. 44 (Sheppe Decl. Ex. E.*

We note that at the time this Court issued the August 22 Order, Belliard and Fell had steadfastly denied stealing anything from Plaintiffs except Belliard's non-compete agreement:

- "…I did not steal any of the materials that Plaintiffs consider to be proprietary information." *July 29, 2008 Affidavit of Ruben Belliard without exhibits ("Belliard Aff.")* ¶20 *(Sheppe Decl. Ex. E).*

- "And to reiterate, I never stole any customer list from Plaintiffs" *Id.* ¶26.

- "…in a momentary lapse of reason, I removed my restrictive covenant from the file and destroyed the copy of the agreement…I will not offer any excuses in any attempt to justify my actions. I recognize the impropriety of my deeds…I certainly have learned my lesson and would never repeat this mistake." *Id.* ¶31.

- "At no time did we purloin any of Plaintiffs' allegedly confidential information or client list." *July 3, 2008 Affidavit of Alexander Kenneth Fell without exhibits ("Fell Aff.")* ¶15 *(without exhibits) (Sheppe Decl. Ex. G).*

- "According to Brenner, Defendants copied her confidential concepts, customer contracts, curriculum, programs, pricing matrix, brochure, business plan, operations manual and start-up manual…These allegations have no merit." *Id.* ¶41

- "Moreover, Plaintiffs have not presented any evidence supporting their allegations that Defendants copied these documents." *Id.* ¶42.

However, since the Court issued the August 22 Order, Belliard admitted during his deposition that he did 1) steal Plaintiffs' client list and gave it to Fell; 2) steal Plaintiffs' business plan and gave it to Fell; and 3) steal every Pure Power employee's non-compete agreements and then destroyed them. *March 12, 2009 Deposition Transcript of Ruben Belliard pp. 83-85, 87-88 and 166-67  (Sheppe Decl. Ex. H).*  Similarly, after the August 22 Order, Fell admitted in his deposition that he 1) destroyed the stolen client list (*March 13, 2009 Deposition Transcript of Alexander K. Fell, pp. 146, 206-08)  (Sheppe Decl.Ex. I)*; and 2) destroyed the stolen business plan. *May 19, 2008 Deposition Transcript of Alexander K. Fell pp. 25-26, 33  (Sheppe Decl. Ex. J).*

Given that the award of punitive damages is discretionary, to award Defendants punitive damages here when they have lied to the Court, under oath, every chance they have gotten until confronted with the very emails that Plaintiffs are alleged to have improperly accessed[2], would be to countenance Defendants' conduct.  Plaintiffs have been sanctioned for their conduct and thus this Court should exercise its discretion and deny Defendants punitive damages.

Moreover as the Supreme Court has opined, punitive damages must bear a relationship to the actual compensatory damages awarded to a defendant. *State Farm Mutual Automobile Ins Co. v.* Campbell, 538 U.S. 408, 414-29, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 581, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Fabri v. United Technologies Int'l, Inc.*, 387 F.3d 109,

---

[2] Should the Court not dismiss the SCA and ECPA claims, Plaintiffs reserve all arguments with respect to liability under these statutes.

124-27 (2004). As the Defendants here are not entitled to any compensatory damages, no punitive damages should be awarded either.

    C.  <u>Defendants Are Not Entitled to Attorneys' Fees</u>

      The SCA only provides for the award of attorneys' fees and costs "[i]n the case of a successful action to enforce liability under this section." *18 U.S.C.A. §2707(c)*. Here, given Defendants inability to recover actual or statutory damages under their SCA claim they have not successfully enforced liability and thus are not entitled to attorneys' fees or costs. Moreover, given Defendants despicable conduct here, there is no basis to award Defendants' costs or attorneys' fees on their SCA claim.

## IV. ANY ALLEGED SCA VIOLATIONS WERE ON A PER ACCOUNT ACCESS BASIS OR PER DAY BASIS AND NOT ON A PER E-MAIL BASIS

      In the event that the Court declines to grant Plaintiffs' summary judgment motion on Defendants' SCA claim, Plaintiffs' respectfully request that the Court decide as a matter of law what constitutes a violation under the SCA. Defendants' position here is that each of the approximately 546 emails that they allege Plaintiffs' improperly accessed under the SCA constitutes a separate violation, punishable by, in this case, statutory damages of up to $1,000 for each email. Although case law on this issue is sparse, what law that does exists along with the actual language of the SCA suggests the opposite conclusion, that in this case a violation of the SCA should either be limited to the number of days Defendants' email accounts were accessed, or in the alternative, the total number of times each email account was accessed.

      In *In re Hawaiian Airlines*, the court noted not only that there was not any case law on what constitutes a separate and distinct violation, but there was not any case law

18

on whether the $1,000 statutory damage amount was on a per violation basis or a total for all violations. *355 B.R. at 232.*   The court ultimately decided that $1,000 could not be the total sum award of statutory damages, otherwise at that minimal amount, the statute would not act as a proper deterrent for such conduct. *Id.*   But, the *Hawaiian Airlines* court went on to note that if the party had accessed the account several times in short succession, it would likely only be one violation, whereas if the access was separated by significant periods of time and was different information it would likely be multiple violations. *Hawaiian Airlines*, 355 B.R. at 232. Ultimately the court left the determination of what constituted a violation to the Bankruptcy Court, although it specifically noted that it was "…not holding that every technical intrusion into a stored communication necessarily merits a separate damage award." *Id., citing Tomasello v. Rubin, 167 F.3d 612, 618 (D.D.C. 1999)*(under the Privacy Act, it would be "… proper to aggregate 'several more or less contemporaneous transmissions of the same record into one 'act'" thus constituting one violation).

Here, the evidence is that the Defendants' email accounts were first improperly accessed during the last week of April 2008 – on or about April 28, 2008. *April 23, 2009 Deposition Transcript of Lauren Brenner ("Brenner Dep.") pp. 226-27. 231-33, 238-41 (Sheppe Decl. Ex. K); August 22 Order, p. 3 (Sheppe Decl. Ex. E).* The Defendants changed their passwords to these accounts on the day before the hearing on Plaintiffs' application for a temporary restraining order, which occurred on May 6, 2008 and so no email accounts were improperly accessed after this time. *Brenner Dep. pp. 245-47 (Sheppe Decl. Ex. K); August 22 Order, p. 3 (Sheppe Decl. Ex. E).* As such, there is no evidence at all that these email accounts were accessed either prior to April 28, 2008 and

after May 6, 2008, leaving a time period of only nine days in which the email accounts could have been accessed.

Moreover, the evidence indicates that only four email accounts were accessed, Alex Fell's Gmail, Hotmail and Warrior Fitness accounts and Jen Lee's work email. *Id. pp. 245-47 (Sheppe Decl. Ex. K); Answer and Affirmative Defenses to Second Amended Complaint (containing the Counterclaims) ¶ 22 (Sheppe Decl. Ex. A).* There is no evidence as to how many times each email account was accessed during this nine day window. Thus, the evidence the Court is left with is that the four email accounts were accessed in a successive nine day time period. Under the *Hawaiian Airlines* court's analysis, this would suggest that, in the absence of evidence to show exactly how many times the email accounts were accessed, given the access was done in a short, successive time frame, either the entire time period should be considered one violation, or, in the alternative that each particular day on which the emails were accessed be considered a separate violation. *Hawaiian Airlines*, 355 B.R. at 232.

Aggregating the contemporaneous violations on a per day basis or per account access basis would be consistent with the court's holding in *Hawaiian Airlines*, and make sense given the language of the SCA which provides in pertinent part:

> (a) Offense. – Except as provided in subsection (c) of this section whoever –
>
>> (1) intentionally accesses without authorization a <u>facility</u> through which an electronic communication service is provided; or
>>
>> (2) intentionally exceeds an authorization to access the <u>facility</u>;
>
> and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section. *18 U.S.C. §2701(a)(emphasis added).*

20

As can been seen from the language of the SCA, the action it seeks to punish is the improper access to an account allowing for the retrieval of an electronic communication, not the actual retrieval of the electronic communication. Here, that amounts to each time Defendants' four email accounts were accessed, not each email that was retrieved once access to the accounts was had. Accordingly, in the event the Court does not dismiss Defendants' SCA claim on summary judgment, we respectfully request that the Court hold that a violation of the SCA is limited to each time the account was accessed and not each email that was reviewed.

## V.  DAMAGES FOR ANY ALLEGED ECPA VIOLATION WOULD BE LIMITED TO EITHER $0 OR $10,000

Likewise, given that even Defendants' allegations under the ECPA refer to one day of alleged "intercepted communications", if the Court declines to grant Plaintiffs' motion for summary judgment on the ECPA claim, Defendants' potential damages would, at best, be exceedingly limited and at worst be nothing at all. *18 U.S.C. §2520(c)(2)* states in pertinent part that:

> the court may assess as damages whichever is the greater of--
>
> **(A)** the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> **(B)** statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

Here, as noted, Defendants have suffered no actual damages and Plaintiffs have made no profit, and so Defendants statutory damages would be limited to $10,000 (as that is greater than the $100 they would be entitled to under the alternate formula for their one day violation). Of course, any statutory damages award is completely within the Court's

21

discretion, although if the Court does award statutory damages, it must award the full amount. *DirecTV, Inc. v. Arnold*, 392 F.Supp.2d 415, 417 (N.D.N.Y 2005) .

## CONCLUSION

For the forgoing reasons, Plaintiffs' respectfully request that the Court 1) grant Plaintiffs' motion for summary judgment and dismiss Defendants claims under the SCA and ECPA; 2) in the alternative, find that a violation under the SCA is limited to each time an email account was accessed and not each time an email was retrieved from an improperly accessed account and that any damages for an ECPA violation would be limited to either $0 or a maximum amount of $10,000.00, and 3) award Plaintiffs any additional relief the Court deems just and proper.


Dated: New York, New York
       September 24, 2010

                              REISS EISENPRESS & SHEPPE LLP


                              Sherri L. Eisenpress (SLE – 2531)
                              Matthew Sheppe (MS-9406)
                              425 Madison Avenue
                              New York, New York 10017
                              Tel: (212) 753-2424

                              *Attorneys for Plaintiffs*